KNIGHTS OF THE MODERN MACCABEES *v.* COMMISSIONER
OF INSURANCE.[1]

INSURANCE — BENEFICIAL ASSOCIATIONS — EXEMPTION FROM GEN-
ERAL LAW.

    Act No. 180, Pub. Acts 1907, providing in effect that every
policy of insurance issued in this State shall contain the en-
tire contract, has no application to policies issued by frater-
nal beneficiary associations, organized under Act No. 119,
Pub. Acts 1893, which are exempt, by the terms of that act,
from the operation of the general insurance laws of the State.
GRANT, C. J., and HOOKER and MOORE, JJ., dissenting.

Mandamus by the Knights of the Modern Maccabees
and others to compel James V. Barry, commissioner of
insurance, to vacate an order requiring relators to com-
ply with the provisions of Act No. 180, Pub. Acts 1907.
Submitted March 17, 1908; reargued October 6, 1908.
(Calendar No. 22,743.)   Writ granted November 30,
1908.

*J. B. McIlwain* and *Edward Cahill*, for relators.

*John E. Bird*, Attorney General, and *Arthur P.
Hicks*, Assistant Attorney General, for respondent.

GRANT, C. J.   Relators are incorporated and doing
business under the provisions of chapter 212, 2 Comp.
Laws, being Act No. 119, Pub. Acts 1893, as amended.
Section 1 of that act provides:

"Such associations shall be governed by this act and
shall be exempt from the provisions of the insurance laws
of the State, except as provided by this act."

In 1907 the legislature passed the following act:

"SECTION 1. Every policy of insurance issued or de-

---

[1] This case was withheld from publication pending the motion
for a rehearing in *Brown* v. *Lennane*, ante, 686.

livered within this State on or after the first day of January, nineteen hundred eight, by any life insurance corporation doing business within the State shall contain the entire contract between the parties.  And nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writing unless the same are indorsed upon or attached to the policy when issued.

"SEC. 2.  All acts and parts of acts inconsistent with the provisions of this act are hereby repealed."  Act No. 180, Pub. Acts 1907.

The respondent ordered relators to comply with that act.  This is an application for the writ of mandamus to compel him to vacate that order.  Relators contend that the legislature, in passing Act No. 180, did not intend that it should be applicable to these fraternal associations who were doing an insurance business.

The learned counsel argue:

"The presumption is that the legislature had in mind all prior laws in passing said act, and the construction put upon them by the Supreme Court, and therefore had in mind the exemption of such association from the general insurance laws."

They also argue the great inconvenience that would result to the relators if that statute is made applicable to them.  We do not attach much force to this argument. We think it no more difficult for one of these fraternal and benefit associations to make a clear and complete contract of insurance than it is for any other company.  It is not necessary to attach to such a contract all its by-laws, rules, regulations, etc.  If such an insurer desires to reserve authority to change the annual premiums or times of payment, or other provision, it can so state in its policy, and provide that, when such change is made, notice thereof shall be served upon the insured.  Those fraternal organizations which do an insurance business come within the definition of life insurance corporations.  *Rensenhouse* v. *Seeley*, 72 Mich. 603; *Citizens' Life Ins. Co.* v. *Commissioner of Insurance*, 128 Mich. 85; 1 Bacon

on Benefit Societies & Life Insurance (3d Ed.), § 52; *Lake* v. *Relief Ass'n*, 61 Minn. 96.

It is immaterial whether the paper documents they issue be called certificates or policies. They are in fact policies of insurance, within the common understanding of that word. There is probably more necessity for the application of such a law to so-called "fraternal insurance policies" than to what are called "old-line policies." In the mutual and stock companies the policy usually forms the contract between the company and the insured, and comprises the entire contract. The learned counsel for petitioners does not cite a single case from the books which shows a reason for such a law to be applicable to those companies. Their policies do not refer to their constitution, charter, by-laws, rules, or other writing. The entire contract between the insurer and the insured appears upon the face of the policy. I am unable to find any reason for the enactment of this law other than that found in the numerous cases that have arisen over the insurance contracts of these fraternal and benefit associations. They alone, in my judgment, show a necessity for an insurance contract which will not compel the insured to hunt through the constitution, by-laws, rules, and regulations of his company in order to know what his contract is. The decisions of the courts show the many misunderstandings that arise out of fraternal insurance policies, when the conditions are not contained in the policy or the certificate. But whether this be so or not, courts cannot read into a statute an exception which contradicts its very language. The language of this act is:

"Every policy of insurance, * * * by any life-insurance corporation * * * shall contain the entire contract."

The language following is language naturally applicable to these fraternal organizations, namely, "constitution, by-laws, rules, application or other writing." Of course a general law may operate to repeal a special act.

1 Lewis' Sutherland on Statutory Construction (2d Ed.), § 276; *McCormick* v. *People*, 139 Ill. 499. The act under which relators are organized does not refer to future laws, but to the general insurance laws then in force. We cannot infer that the legislature intended to exempt these fraternal organizations from any future general law which the legislature might see fit to enact. Had this been their intent, appropriate words should have been used for that purpose, as was done in the statute involved in *Modern Order of Prætorians* v. *Hollmig*, 100 Tex. 623. The statute in that case exempted the association "from the provisions of the insurance laws of this State, and no law hereafter passed shall apply to them unless they be expressly designated."

The writ should be denied.

HOOKER and MOORE, JJ., concurred with GRANT, C. J.

OSTRANDER, J. The act of 1907 (Act No. 180, Pub. Acts 1907) in question here is entitled:

"An act relating to the provisions of life insurance policies."

Relators are organized under the provisions of Act No. 119, Pub. Acts 1893, which is entitled:

"An act to define what shall constitute fraternal beneficiary societies, orders or associations; to provide for their incorporation and the regulation of their business."
*   *   *

It is one of the provisions of this statute (section 1):

"Such associations shall be governed by this act and shall be exempt from the provisions of the insurance laws of this State, except as provided by this act."

Another provision (section 19) is:

"Nothing in this act shall be construed to apply to any corporation, society or association carrying on the business of life, health, casualty or accident insurance for

profit or gain, and shall only apply to fraternal beneficiary societies, orders or associations as defined by section one."

Since 1893 various amendments have been made to this act, and various amendments have been made to the act governing life insurance companies and affecting the life insurance business, but always under appropriate titles. When fraternal societies have been affected by legislation, they have been mentioned. The situation which legislation has created leads, not to an inference merely, but to a conviction, that if it had been intended that the act of 1907 should apply to fraternal organizations, they would have been mentioned in the act. This court has had occasion to mark the distinction. *Monger* v. *New Era Ass'n,* 145 Mich. 683. And so long as the contracts between members of such associations and the association may from time to time be varied by changes in the laws of the association, made by a representative lawmaking body (*Wineland* v. *Maccabees of the World,* 148 Mich. 608), such an act serves no useful, certainly not the apparent, purpose if applied to associations like the relators. I conclude that, so far from being obliged to read into the act terms contradictory of the language employed therein, we must add to both its title and body, in order to say that it was intended to apply to associations like the relators. I base the conclusion, not upon any want of power in the legislature to amend the fraternal society act by general legislation, but upon the evident differentiation between life insurance companies and life insurance policies and fraternal societies and the business they are permitted to do, which the legislature itself has made.

The writ should issue.

Blair, Montgomery, and McAlvay, JJ., concurred with Ostrander, J.