## INCORPORATED TOWN OF VALLIANT v. MILLS *et al.*

No. 1374.    Opinion Filed May 9, 1911.

1.  **STATUTES—Interpretation—General and Special Acts—Conflicts.** The courts, in construing a general statute, should guard against interpreting its language so as to conflict with or contradict an earlier and special statute, which may stand independently for a distinct and useful purpose.

2.  **HIGHWAYS—Control by Towns and Villages—Statutory Provisions.** Sections 7832, Compiled Laws of Oklahoma, 1909, which provides that "each incorporated city of more than 300 inhabitants shall constitute a separate road district," etc.; 847, defining the powers of the board of trustees in cities, towns, and villages; 942, defining the powers of cities, towns, and villages over streets and alleys; and 964, which provides that "all road taxes collected as personal taxes from residents of any incorporated town or city, and all road taxes collected on account of real or personal property situated within any incorporated town or city by the treasurer of the county in which such city or town is located, shall be turned over quarterly by such treasurer to the treasurer of such incorporated town or city to be expended under the direction of the city council of such city or the board of trustees of such town, as the case may be, for the improvement of the streets or bridges of such city or town or of the roads approaching thereto," were not repealed by certain sections of chapter 99, art. 1, Compiled Laws of Oklahoma, 1909, entitled, "Roads, Highways and Bridges."

(Syllabus by the Court.)

*Error from District Court, McCurtain County; D. A. Richardson, Judge.*

Action by the Incorporated Town of Valliant against Thomas Mills, J. B. Harris, and W. J. Miller, township trustees composing the township board for municipal township No. 5 of Mc-Curtain county, Oklahoma, and *ex officio* highway commissioners for the said municipal township No. 5 and for road district No. 2 of said township, and E. L. Nelson, treasurer, of McCurtain county, Oklahoma. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Neal & Neal* and *Spaulding & Carr,* for plaintiff in error.
*Howe & Stanley,* for defendants in error.
*Charles West,* Atty. Gen., and *W. C. Reeves,* Asst. Atty. Gen., *amici curiae.*

KANE. J. This was a suit commenced by the plaintiff in error, the incorporated town of Valliant, plaintiff below, against the defendants in error, defendants below, Thomas Mills, J. B. Harris, and W. J. Miller, township trustees composing the township board for municipal township No. 5 of McCurtain county, Oklahoma, and *ex officio* highway commissioners, for the said municipal township No. 5 and for road district No. 2, of said township, and E. L. Nelson, treasurer of McCurtain county, Oklahoma, for the purpose of securing an order enjoining said defendants from entering the streets and alleys of the plaintiff, the incorporated town of Valliant, for the purpose of plowing them up or destroying them or of grading or improving them, and from warning the taxpayers of said town to work on the public highways outside of said town, and enjoining said treasurer from paying over to any person or persons other than the properly constituted officers of said town the moneys collected for the improvement of the public highways of said incorporated town. Said cause coming on to be heard upon the petition of said plaintiff and a demurrer thereto by said defendants, said demurrer was by the court sustained, and, the plaintiff electing to stand on its peti-

tion, said cause was dismissed. To reverse these orders of the court below, this proceeding in error was commenced.

The question before this court is whether the incorporated towns of this state of over 300 population constitute separate road districts, and what disposition must be made of the funds collected from the taxation assessed by such incorporated towns for streets and highway purposes. Counsel for plaintiff in error contend that they do, and that funds arising from taxation assessed for street and highway purposes should be turned over to the proper officer of such towns, and have filed a brief wherein they cite authorities which seem to the court to sustain their contention; but, as there has been no brief filed on behalf of the defendants in error, the court, on account of the general importance of the questions involved, requested the Attorney General to look up the law of the case and furnish the court with authorities in support of whatever view he might take of the questions raised. The brief of the Attorney General is now on file, wherein, after a full citation of the authorities available, he reaches the same conclusion reached by counsel for plaintiff in error. It is apparent from the record that the court below decided the case upon the theory that certain sections of the general road and bridge law passed by the Legislature and approved on the 20th of March, 1909, repealed by implication sections 7832, Compiled Laws of Oklahoma, 1909, which provides that "each incorporated city of more than 300 inhabitants' shall constitute a separate road district," etc.; 847, defining the powers of the board of trustees in cities, towns and villages over streets and alleys; and 964, which provides that "all road taxes collected as personal taxes from residents of any incorporated town or city, and all road taxes collected on account of real or personal property situated within any incorporated town or city by the treasurer of the county in which such city or town is located, shall be turned over quarterly by such treasurer to the treasurer of such incorporated town or city to be expended under the direction of the city council of such city or the board of trustees of such town as the case may be for

the improvement of the streets or bridges of such city or town or of the roads approaching thereto." It is well established that repeals by implication are not favored, and that special acts referring to special subjects will not be repealed by general laws, unless there is such repugnancy between them that both cannot stand. 26 Am. & Eng. Enc. of Law. 739.

"The courts, in construing a general statute, should guard against interpreting its language so as to conflict with or contradict an earlier and special statute, which may stand independently for a distinct and useful purpose." (*People ex rel. N. Y.; N. H. & H. R. Co. v. Willcox et al., Com'rs*, 94 N. E. 212.)

As the sections of the old law referred to were not repealed by implication by the later general law, it was the duty of the township board to make a separate road district out of the incorporated town of Valliant, and it was the duty of the county treasurer to pay all road taxes collected as personal taxes from residents thereof and all road taxes collected on account of real or personal property situated within said town to the treasurer thereof, to be expended under the direction of the trustees of such town in the improvement of its streets or bridges.

Judgment of the court below is reversed, and the cause remanded, with directions to proceed in accordance with the views expressed in this opinion.

All the Justices concur.