## TOWN OF COMANCHE v. FERGUSON, County Treasurer.

No. 9313—Opinion Filed Dec. 4, 1917.

(169 Pac. 1075.)

(Syllabus.)

1. **Highways—Road Tax —Application of Statute.**

Section 433, Rev. Laws 1910, applies to road taxes collected from residents of any incorporated city or town, and on account of real or personal property situated in said town, levied for town purposes, but does not apply to taxes levied by the county authorities for a county road and bridge fund.

2. **Statutes — Construction — Inconsistency —Effect.**

Where two statutes cover, in whole or in part, the same matter, and are not absolutely irreconcilable, the duty of the court —no purpose to repeal being clearly expressed or indicated—is, if possible, to give effect to both. The construction is to be on the entire statute, and where one part is susceptible of two constructions, and the language of another part is clear and definite, and is consistent with one of such constructions and opposed to the other, that construction which will render all sections of the statute harmonious must be adopted.

Error from District Court, Stephens County; Cham Jones, Judge.

Mandamus by the Town of Comanche, by J. A. McAfee, Town Treasurer, against A. B. Ferguson, County Treasurer, Stephens County, Okla. Judgment for defendant, and plaintiff brings error. Affirmed.

J. P. Speer, for plaintiff in error.

H. W. Sitton, Co. Atty., and C. M. Anderson, Asst. Co Atty., for defendant in error.

OWEN, J This action was brought by plaintiff in error, in the district court of Stephens county, for writ of mandamus to compel the county treasurer to pay to the treasurer of the town of Comanche that portion of the county road and bridge fund collected from taxation of residents and property located in the town of Comanche. Judgment below was for the defendant, denying the writ. Plaintiff appeals.

The case was tried upon an agreed statement of facts, from which it appears that the county excise board of Stephens county made a levy of 1½ mills against the real and personal property in said county for a general road and bridge fund for the year 1916; that the excise board also made a levy of 15.7 mills against the property in the town of Comanche for town purposes,.

and that the money collected by the county treasurer from this levy for town purposes had been turned over to the town treasurer; that the fund complained of in the petition is that portion of the county levy for the general road fund of the county collected from the residents and property within the town.

Counsel for plaintiff in error insists that the language "All road taxes collected," etc., found in section 433, Rev. Laws 1910, applies to all road taxes collected from residents of the town whether the levy be for town purposes or for county purposes. If we are to look no further than to a superficial reading of this one section we might agree with this contention. It is a well-settled rule that one section of the statute must be construed with reference to the other sections of the statute laws of the state. And where two statutes cover, in whole or in part, the same matter, and are not absolutely irreconcilable, the duty of the court—no purpose to repeal being clear: ly expressed or indicated—is, if possible, to give effect to both. In re Application of State to Issue Bonds, 33 Okla. 797, 127 Pac. 1065; Frost v. Wenie, 157 U. S. 46, 15 Sup. Ct. 532, 39 L. Ed. 614; Black on Inter. of Laws, 325; Southerland, Stat. Const. 138. The construction is to be on the entire statute, and where one part is susceptible of two constructions, and the language of another part is clear and definite, and is consistent with one of such constructions and opposed to the other, that construction which will render all sections of the statute harmonious must be adopted. Alexander v. Worthington, 5 Md. 471; Lee v. Roberts, 3 Okla. 106, 44 Pac. 505; Ratliff v. Fleener, 43 Okla. 652, 143 Pac. 1051.

Section 7378, Rev. Laws 1910, in providing for an estimate for the county levy, requires the estimate to be itemized so as to show the amount estimated to be necessary for roads and bridges. Section 6 of article 2, c. 173, S. L. 1915, provides:

"All moneys received by the board of county commissioners for road and bridge purposes shall be paid out only on order of said board, for the purchase of tools, machinery and equipment, or for work done on the state road system, or for tile and tiling, or for bridges and culverts throughout the county."

Another well-settled rule of construction of statutes is that each section of the statute is to be understood and must be construed with due regard to the context. We find section 433 in article 1 of chapter 10 relating to cities and towns. Applying the settled rules of construction to the three sections of the statute mentioned, we must conclude that section 433 applies to road taxes levied by the town, or for town purposes, and that the last two maned sections refer to the county levy for county purposes. Under this construction there is no conflict between these sections. Their objects are different, and the language of each is therefore restricted to its own object or subject. The case of In corporated Town of Valliant v. Mills, 28 Okla. 811, 116 Pac. 190, relied upon by plaintiff in error, is not in point and not controlling here. In that case Mr. Justice Kane, speaking for the court, said:

"The question before this court is * * * what disposition must be made of the funds collected from the taxation assessed by such incorporated towns for streets and highway purposes."

Section 433 of the statutes above referred to has no application to the funds assessed by the county for county purposes.

The judgment of the lower court is affirmed.

All the Justices concur.