MINEHART v. LITTLEFIELD.

No. 12489—Opinion Filed Dec. 26, 1923.

1. Limitation of Actions—Land Suits.

Actions for the recovery of real property or for the determination of any adverse right or interest therein, can be brought only within the periods of time after the cause of action accrues, as prescribed by article 2, chapter 3, Comp. Stat. 1921, unless a different limitation be provided by statute in a special case.

2. Executors and Administrators—Setting Aside Sales—Limitation of Actions.

The limitation provided by section 1302, Comp. Stat. 1921, found in Probate Procedure in article 8, in relation to sales and conveyances by executors and administrators, and the saving provision of section 1303, in favor of minors or others under any legal disability when the right of action accrues, come within the provisions of section 182, Comp. Stat. 1921, as a limitation provided in a special case.

3. Same.

Section 1302, supra, provides a period of time after the cause of action accrues in which an heir or other persons claiming under a decedent, may attack an executor's or administrator's sale of any estate of the decedent.

4. Same.

The provisions of section 1302 and 1303 apply to the sale of both real and personal property by the executor or administrator.

5. Insufficiency of Evidence.

Record examined, held, to be insufficient to support the judgment for defendant.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Leflore County; E. F. Lester, Judge.

Action by John Minehart against James M. Littlefield, to quiet title. Judgment for defendant. Plaintiff brings error. Reversed and remanded.

Tom W. Neal, Caswell C. Neal, Sam A. Neeley, and W. C. Peters, for plaintiff in error.

T. T. Varner and White & Reed, for defendant in error.

Opinion by DICKSON, C. The defendant claims title and possession to the real estate involved in this action by an administrator's sale proceeding and administrator's deed executed and delivered on the 17th day of April, 1919. The plaintiff

attained his majority more than two years and less than three years previous to the date of the commencement of this action. In the trial of the cause judgment went for the defendant, and plaintiff has appealed the cause to this court, and the parties to the action submit only the question of the proper limitation applicable to this action. The plaintiff contends that he was allowed three years after attaining his majority by the statutes, in which to commence his action. The defendant contends that the plaintiff had but two years under the statutes in which to bring his action in ejectment for possession of the property. Section 183, article 2, chapter 3, of Civil Procedure, Comp. Stat. 1921, provides the periods of limitation for bringing various actions for possession of real estate, and in relation to rights therein. The section is general in its nature and relates to various causes of action affecting rights in real estate. Paragraph 2 of the section is in the following language:

"An action for the recovery of real property sold by executors, administrators, or guardians, upon an order or judgment of a court directing such sale, brought by the heirs or devisees of the deceased person, or the ward or his guardian, or any person claiming under any or either of them, by the title acquired after the date of the judgment or order, within five years after the date of the recording of the deed made in pursuance of the sale."

Section 184, article 2, is in the nature of a saving clause in relation to the various causes of action referred to in section 183, and is in the following language:

"Any person entitled to bring an action for the recovery of real property, who may be under any legal disability when the cause of action accrues, may bring his action within two years after the disability is removed."

The sections in question were taken from the Kansas statutes and are found in the Session Laws of 1893. If these sections stood alone we would have no difficulty in deciding the question herein involved, as the saving clause would give the plaintiff only two years in which to bring his action after attaining his majority. It wil be observed by the provisions of section 183, the limitation of five years commences to run against the bringing of an action affecting the validity of a sale of real estate by an administrator from the date of the recording of the deed. Under the provision of the section, if there was fraud in the sale of the real estate it would not avail the affected party, unless it was discovered within the five years from the date of the filing of the deed.

However, if the affected party was laboring under a disability he would come under the saving clause of section 184. In considering the sections herein quoted we are confronted with section 1302, chapter 5, article 8, found in Probate Procedure, relating to sales and conveyances by executors and administrators, Comp. Stat. 1921, in the following language:

"No action for the recovery of any estate sold by an executor or administrator under the provisions of this article can be maintained by any heir or other person claiming under decedent. unless it be commenced within three years next after the sale. An action to set aside the sale may be instituted and maintained at any time within three years from the discovery of the fraud or other grounds upon which the action is based."

The limitation provided by this section commences to run from the date of the discovery of the fraud or the happening of the incidents which are the basis of the right of action, and provides a limitation of three years in which to bring the action. Section 1302 differs materially from section 183 in respect to the period of limitation and time and condition for the commencement of the running of the limitation. Under the provision of section 1302, it would be immaterial to plaintiff's right of action that the fraud was discovered even ten years subsequent to its happening. A saving provision for the right of action is provided by section 1303 in the following language:

"The preceding section shall not apply to minors or others under any legal disability to sue at the time when the right of action first accrues; but all such persons may commence an action at any time within three years after the removal of the disability."

The right of action given by section 1302 and the limitation therein contained applies particularly to sales of any estate by an executor or administrator under the provision of article 8, and chapter 5. A right of action is given and a limitation provided for the bringing of an action in connection with the sale of real estate by a guardian, by the provisions of section 1496, chapter 5, article 9, under Probate Procedure, Comp. Stat. 1921, in the following language:

"No action for the recovery of any estate, sold by a guardian, can be maintained by the ward, or by any person claiming under him, unless it is commenced within three years next after the termination of the guardianship, or when a legal disability to sue exists by reason of minority or otherwise, at the time when the cause of

action accrues, within three years next after the removal thereof."

The right of action to which the limitation applies, as given by the section, relates only to sales of any estate made by a guardian. The limitation commences to run within three years after the termination of the guardianship, or when a legal disability to sue exists when the cause of action arises, then within three years after the removal of the disability. The limitation provided by section 1496 commences to run against the person entitled to bring the action from the date of the termination of the guardianship. This right would arise and exist in favor of the plaintiff even though the guardianship was terminated more than five years after the recording of the guardian's deed in connection with the alleged wrongful sale.

The sections of our statute last quoted come from the Dakota statutes, and are found in the Session Laws of 1890. All the sections of statutes quoted have been carried through compiled statutes since their enactment. As between the two limitations found in the Probate Procedure and section 183, found in Civil Procedure, there is a direct conflict. As sections 1302 and 1496 and the saving provisions relating to the sections are prior statutes, and if the saving provisions of these two latter sections were general and applied to the right to maintain actions generally in relation to real estate, we should conclude that sections 183 and 184, being a later statute, operated to amend the prior statute. The civil actions created by article 2, chapter 3, in relation to real estate in which sections 183 and 184 are found and the limitation therein provided must be considered in connection with section 182 in the same article reading in the following language:

"Civil actions can only be commenced within the periods prescribed in this article, after the cause of action shall have accrued; but where, in special cases, a different limitation is prescribed by statute, the action shall be governed by such limitation."

We find a right of action given the plaintiff other than in article 2, and created by a statute in the same article that empowers administrators to sell the estate of his decedent. We also find a limitation for bringing the action and a saving provision in the same article and chapter granting the administrator the power of sale, known as article 8, chapter 5. By enacting the limitation and saving clause provisions in relation to the right of action contemplated by section 1302, the Legislature was acting within the purview of

the latter part of section 182, in the following language:

"But where in special cases a different limitation is prescribed by statutes, the action should be governed by such limitations."

If we take the view that the saving provision created by section 1303 is in the nature of a special case, then there is no conflict between or among the statutory provisions relating to the subject-matter of this action. In order to give life and vitality to section 1303, it must be considered as relating to a special case. Several times, since the enactment of all these sections, the Legislature has enacted and put into effect Codes containing all the sections in question, giving evidence of the purpose on the part of the Legislature to consider all the sections of statutes herein quoted as serving a purpose in our code. In order for the Legislature to consider the latter sections as having a place and serving a purpose in our Code, it would have been necessary for the Legislature to consider that the latter sections enacted applied to special cases. The action of the Legislature in this respect is equivalent to construing the sections as having a place in our Code and being in effect. If it was the purpose and intention of the Legislature to create the limitations and saving clauses found in the Probate Procedure to apply to special cases, such intention should be given effect by this court. Gardner v. School District No. 87, Kay County, 34 Okla. 716, 126 Pac. 1018; (1919) Muskogee Times Democrat v. Board of County Commissioners of Muskogee County, 76 Okla. 188, 184 Pac. 591; United States v. One Buick Roadster Automobile, 244 Fed. 961.

On account of the long period of time during which these sections have been carried in our statutes, and the several times our Legislature has considered the enactment of a Code containing the provisions, we are led to conclude that the Legislature intended the enactment of the latter sections in relation to the provisions of section 182. This conclusion gives effect and permits all the sections to stand. We think in construing a later general statute in its relation to a prior or saving statute having to do with some particular subject-matter the statutes should be construed so as to give effect to the particular statutes, unless the legislative body clearly indicates a contrary intention. Incorporated Town of Valliant v. Mills, 28 Okla. 811, 116 Pac. 190.

We therefore conclude that the limitations and saving clause found in sections 1302 and 1303 apply to plaintiff's right

of action in this cause. Therefore it is recommended that this cause be reversed and remanded for further proceedings in accord with the views herein expressed.

By the Court: It is so ordered.

PER CURIUM. We have examined the various statutes of limitation relating to actions for the recovery of real estate or any interest therein, and the opinion prepared by the Commission in this case, reversing the judgment of the trial court. is correct, and should be approved by the court and adopted.

It is therefore ordered that the opinion be approved and adopted as the opinion of this court, and that all prior opinions be and they are modified in accordance with the conclusions of law expressed in this opinion.