## PFISTER v. JOHNSON.

No. 20760.  Sept. 17, 1935.

Geo. S. Ramsey, Christy Russell, and John S. Robinson, for plaintiff in error.

Davidson & Williams and Bert E. Johnson, for defendant in error.

OSBORN, V. C. J. On February 21, 1922, the district court of Tulsa county rendered a judgment in an action pending in said court wherein one Ida Johnson was plaintiff and Tulsa Drew, a minor, was defendant, quieting title to certain real property situated in Tulsa county. On September 27, 1929, Tulsa Pfister, nee Drew, defendant in said action, appealed from said judgment by petition in error and transcript of the record. The parties will be referred to as they appeared in the trial court.

The petition in error recites that prior to her marriage defendant's name was Tulsa Drew; that she attained her majority on September 14, 1929; that the petition filed against her in the district court on October 21, 1921, alleged that plaintiff therein, Ida Johnson, was the owner and in possession of the property therein involved; that her title was derived through the sale of said property by the administrator of the estate of Emma Drew, deceased; that defendant was the sole heir of Emma Drew and was a minor under the age of 14 years; that one Earl Sneed was her guardian; that said land was sold under the order of the county court of Tulsa county to one Rachel Perryman; that through a series of conveyances plaintiff became the owner thereof, and prayed that her title be quieted and that defendant be adjudged to have no right or title therein.

The petition in error further recites that Earl Sneed was appointed guardian ad litem to represent defendant in said action; that he filed an answer which did not conform to the requirements of the statute; that thereafter a journal entry of judgment was entered quieting title in plaintiff, but the judgment was vacated and the guardian directed to file an answer in conformity with the provisions of the statutes of Oklahoma. Thereafter an answer was filed by Earl Sneed as guardian ad litem in which he denied each and every allegation in the petition prejudicial to the interests of the minor defendant. The cause was advanced upon the docket of the district court and on February 21, 1922, a judgment was entered in favor of plaintiff and against defendant quieting title to said property.

When the petition in error was filed in this court an order was made directing the sheriff of Tulsa county to serve upon the defendant in error a writ of scire facias ad audiendum errores. On October 8, 1929, the return of the sheriff was filed showing service thereof upon the said defendant in error. An examination thereof discloses that it is sufficient to notify the defendant in error that said appeal had been filed in this court.

We will consider first a motion to dismiss the appeal, filed by defendant in error. This involves a construction of certain statutes hereinafter set forth.

Section 547, O. S. 1931, provides:

"All proceedings for reversing, vacating or modifying judgments or final orders shall be commenced within six months from the rendition of the judgment or final order complained of; Provided, that in case the person entitled to such proceeding be an infant, a person of unsound mind or imprisoned, such person shall have six months, exclusive of the time of such disability, to commence proceedings."

In connection with the above statute, see Tinker v. Scharnhorst, 129 Okla. 118, 263 P. 645; Sawyer v. Ware, 36 Okla. 139, 128 P. 273, and Cudjo v. Harris, 119 Okla. 69, 248 P. 343. The right of a minor to appeal to this court within six months after reaching his majority is expressly granted by statute and recognized by these and other authorities.

Defendant in error contends, however, that the right of appeal in this case is lost to the defendant for failure to comply with the provisions of section 531, O. S. 1931, enacted as chapter 219, Session Laws 1917, the material portions thereof being as follows:

"Sec. 1. That section 5238, Revised Laws of 1910, be and the same is hereby repealed and the following enacted in place thereof:

"Sec. 5238. The proceedings to obtain such reversal, vacation or modification shall be by petition in error filed in the Supreme Court setting forth the error complained of;

but no summons in error shall be required, and the party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intentions to appeal to the Supreme Court. If said judgment shall be rendered within less than ten days of the expiration of any term of the court from which an appeal is to be taken, such notice may be given within ten days after the rendition of such judgment, and such notice of an intention to appeal shall be entered by the clerk of the court on the trial docket of said court. Upon the giving of such notice and entering the same on trial docket, all parties of record in the court from which such appeal is to be taken shall become parties to the appeal in the Supreme Court, and no further notice shall be required to be served upon them of such appeal, and no appeal shall be dismissed by the appellate courts of this state because any party in the court below is not made a party to the appeal, but such notice above provided and showing intention to appeal shall automatically make all parties of record in lower court parties in the appellate court.

"It shall not be necessary for the party appealing, to serve the case-made for such appeal on any party to the action who did not appear at the trial and take part in the proceedings from which the appeal is taken, or who shall have filed a disclaimer in the trial court; nor shall it be necessary to make any such person a party to the petition in error. Provided, that any party so omitted from the proceedings in error, who was a party to the action in the trial court, may be made a party plaintiff or defendant in the action in the Supreme Court upon such terms as the court may direct, upon its appearing that he might be affected by the reversal of the judgment or order from which the appeal was taken, with the right to be heard therein the same as other parties."

Prior to the enactment of the above statute and under the provisions of section 5238, R. L. 1910, which was expressly repealed, summons in error was required to be issued out of this court and served on the defendant in error. Since the enactment of the above statute summons in error is no longer required and the giving of notice within ten days after the rendition of the judgment is sufficient notice of appeal. It has been said that by the provisions of chapter 219, supra, summons in error was abolished. Kershaw v. Board of Com'rs of Muskogee County, 135 Okla. 302, 275 P. 621.

It has been repeatedly held that where a party desiring to appeal fails to give notice in open court either at the time the judgment is rendered or within ten days there-

after of his intention to appeal to the Supreme Court, this court acquires no jurisdiction and the appeal will be dismissed. Setzer v. Moore, 164 Okla. 70, 22 P. (2d) 998; Cruse v. Murphy, 153 Okla. 169, 5 P. (2d) 147; Chase v. Byrnes, 147 Okla. 118, 294 P. 786; Milliken v. Clark, 146 Okla. 55, 293 P. 186; Oliver v. Kelly, 129 Okla. 121, 263 P. 649.

It does not appear that in any of the above cases the party desiring to appeal was under disability at the time the judgment of the trial court was rendered.

Section 547, supra, was in full force and effect on the date of the passage of chapter 219, S. L. 1917. On that date the right of a minor to appeal upon attaining his or her majority was definitely fixed. That particular portion of the statute granting such right was special in that it referred only to a particular class, those under certain enumerated disabilities. Chapter 219, supra, is a general act which applies to all persons who desire to appeal to this court. As construed by this court, the giving of notice of appeal as required by said act was made necessary in order to have a cause reviewed by this court. We must, therefore, determine whether or not the right expressly granted by the earlier special act is dependent upon a strict compliance with the later general act.

The exact question is new in this jurisdiction. However, we shall refer to a few general rules of construction heretofore invoked where similar questions of construction were involved.

"A general act is not to be construed as applying to cases covered by a prior special act on the same subject." Carpenter v. Russell, Adm'x, 13 Okla. 277, 73 P. 930.

"The courts, in construing a general statute, should guard against interpreting its language so as to conflict with or contradict an earlier and special statute, which may stand independently for a distinct and useful purpose." Incorp. Town of Valliant v. Mills et al., 28 Okla. 811, 116 P. 190.

"When it is apparent that a strict interpretation of a particular statute, construed alone, would defeat the intention of the Legislature as shown by other legislative enactments, which relate to the same subject, and which have been enacted in pursuance of and according to a general purpose in accomplishing a particular result, such construction should not be adopted." Bd. of Com'rs of Creek County v. Alexander, State Treas., 58 Okla. 128, 159 P. 311.

"Where two statutes cover, in whole or in part, the same matter, and are not absolutely irreconcilable, the duty of the court —no purpose to repeal being clearly expressed or indicated—is, if possible, to give effect to both. The construction is to be on the entire statute, and where one part is susceptible of two constructions, and the language of another part is clear and definite, and is consistent with one of such constructions and opposed to the other, that construction which will render all sections of the statute harmonious must be adopted." Town of Comanche v. Ferguson, County Treas., 67 Okla. 101, 169 P. 1075.

In the case of Crosbie v. Partridge, 85 Okla. 186, 205 P. 758, it is said:

"It is a canon of statutory construction that a later statute, general in its terms, and not expressly repealing a prior special statute, will ordinarily not affect the special provisions of such earlier statute."

In this case the court adopted a rule of construction well established by the Supreme Court of the United States. We quote further from the body of the opinion:

"This rule is stated in the case of Hemmer v. United States, 204 Fed. 898, as follows:

"'Privileges granted to a certain class by special act are not affected by inconsistent general legislation, unless a contrary intent of the legislative body is clearly expressed or indubitably inferable therefrom. But the special act and the general law stand together, the one as the law of the particular class and the other as the general rule. Frost v. Wenie, 157 U. S. 46, 15 Sup. Ct. 532, 39 L. Ed. 614; South Carolina ex rel. Wagner v. Stoll, 17 Wall. 425, 436, 21 L. Ed. 650; Rosencrans v. United States, 165 U. S. 257, 262, 17 S. Ct. 302, 41 L. Ed. 708; Townsend v. Little, 109 U. S. 504, 512, 3 S. Ct. 357, 27 L. Ed. 1012; Petri v. Creelman Lmbr. Co., 199 U. S. 487, 499, 26 S. Ct. 133, 50 L. Ed. 281; Ex parte United States, 226 U. S. 420, 424, 33 S. Ct. 170, 57 L. Ed. 281; Gowen v. Harley, 56 Fed. 973 976, 978, 979, 6 C. C. A. 190, 193; Christie-Street Commission Co. v. United States, 136 Fed. 326, 332, 333, 69 C. C. A. 464, 470, 471; Board of Com'rs v. Aetna Life Ins. Co., 90 Fed. 222, 227, 32 C. C. A. 585, 590; Bear v. Chicago Great Western Ry. Co., 141 Fed. 25, 27, 72 C. C. A. 513.'

"The rule announced in Ency. U. S. Supreme Court Reports, vol. 11, page 101, is as follows:

"'It is a canon of statutory construction that a later statute, general in its terms and not expressly repealing a prior special statute, will ordinarily not affect the special provisions of such earlier statute.'

"In the case of Rodgers v. United States, 185 U. S. 84, 46 L. Ed. 816, in the body of the opinion it is stated: 'It is a canon of statutory construction that a later statute, general in its terms and not expressly repealing a prior special statute, will ordinarily not affect the special provisions of such earlier statute. In other words, where there are two statutes, the earlier special and the later general—the terms of the general broad enough to include the matter provided for in the special—the fact that the one is special and the other is general creates a presumption that the special is to be considered as remaining an exception to the general, and the general will not be understood as repealing the special, unless a repeal is expressly named, or unless the provisions of the general are manifestly inconsistent with those of the special. Ex parte Crow Dog, 109 U. S. 556, 570, sub. nom. Ex parte Kangi-Shun-Ca, 27 L. Ed. 1030, 3 S. Ct. 396, 405'."

See, also, Bank of Picher v. Morris, 157 Okla. 122, 11 P. (2d) 178; Hays v. City of Muskogee, 117 Okla. 158, 245 P. 842; Citizens State Bank of Vici v. Gettig, 77 Okla. 48, 187 P. 217.

In this case, when the judgment of the trial court was rendered, defendant was incapable of acting for herself. She could act only through her guardian ad litem. The guardian ad litem had a right to appeal immediately from the judgment of the trial court, but she had no such right. Her individual right to appeal did not accrue until she had reached her majority. Should we adopt a strict construction of chapter 219, supra, the result in this case would be to nullify the plain and positive provisions of section 547, O. S. 1931. For if her right to appeal depended upon the giving of notice of appeal in open court, or within 10 days after the rendition of the judgment, then her right to appeal never accrued, for it was lost to her long before she attained her majority. It was for the purpose of avoiding such absurd results that the above principles of construction of statutes were adopted by the courts. Following these general principles, we must hold that the requirements of chapter 219, Session Laws 1917, as to giving of notice (573, O. S. 1931), had no application to appeals taken by one who was under disability at the time the judgment was rendered in the trial court and taking an appeal after such disability is removed.

In order to sustain the above contention,

plaintiff calls attention to the fact that if chapter 219, supra, has no application and there is no provision for serving a summons in error upon defendant in error in this court, then there is no provision for the issuance of process to give notice to a defendant in error that the appeal has been filed in this court. In the case of State of Florida v. State of Georgia, 17 How. 478, 15 L. Ed. 181, Mr. Chief Justice Taney, for the Supreme Court of the United States, called attention to a situation arising in said court where jurisdiction had been conferred upon the court in which a state was a party and that no provision had been made by Congress for the service of process upon a state. In this connection it is said:

"The Constitution confers on this court original jurisdiction in all cases affecting ambassadors, other public ministers and consuls, and those in which a state shall be a party. And it is settled by repeated decisions, that a question of boundary between states is within the jurisdiction thus conferred.

"But the Constitution prescribes no particular mode of proceeding, nor is there any act of Congress upon the subject. And at a very early period of the government a doubt arose whether the court could exercise its original jurisdiction without a previous act of Congress regulating the process and mode of proceeding. But the court, upon much consideration, held, that although Congress had undoubtedly the right to prescribe the process and mode of proceeding in such cases, as fully as in any other court, yet the omission to legislate on the subject could not deprive the court of the jurisdiction conferred; that it was a duty imposed upon the court; and in the absence of any legislation by Congress, the court itself was authorized to prescribe its mode and form of proceeding, so as to accomplish the ends for which the jurisdiction was given."

See, also, Nations v. Johnson, 24 How. 195, 207, 16 L. Ed. 628; Louisville Industrial School v. Louisville, 88 Ky. 584, 11 S. W. 603.

By the provisions of section 2, article 7, of the Constitution and section 528, O. S. 1931, appellate jurisdiction is conferred upon this court from judgments of the county, superior, and district courts. It is contended that this court is without jurisdiction of this appeal merely because no means are provided by the Legislature for the acquiring of jurisdiction of the defendant in error. The failure to provide means of acquiring jurisdiction of one of the parties cannot divest this court of its power to review the judgment of an inferior court, for under such circumstances this court may prescribe its own mode and form of proceeding and issue process which is effective to bring the party before this court.

On October 4, 1929, this court ordered that defendant be served with a writ of scire facias ad audiendum errores. Under the order of the court the writ was issued and served and thereafter defendant appeared and filed her brief. Under the peculiar facts in this case this process, issued under the order of the court, was sufficient, proper, and justified in the exercise of the powers and duties devolving upon this court in the exercise of its appellate jurisdiction.

Plaintiff contends that the judgment of the trial court is void for the reason that the district court was without jurisdiction to entertain an action against a minor during minority to quiet title against erroneous proceedings during the course of the administration in the probate court. There is some conflict in the prior adjudications of this court on this point. The first case referred to by the parties herein is Sawyer v. Ware, 36 Okla. 139, 128 P. 273. In the first syllabus it is said:

"Sawyer brought an action against the wife and minor heirs of Ware to foreclose a mortgage. He bought in the property at foreclosure sale. Certain defects in the proceedings appeared upon the record. Before the infants' right of appeal expired; Sawyer brought this action against the same defendants to quiet his title. Held, that the action would not lie, as the action to quiet title cannot be used to indirectly defeat the right of appeal, especially where the effect of it is merely to subject the same parties to repeated litigation over the same subject-matter."

We quote further from the body of the opinion:

"Section 6082 of the Comp. Laws of 1909 provides that in case the person entitled to prosecute a proceeding to this court for reversing, vacating or modifying a judgment or final order be an infant, that the time within which he may prosecute the proceeding shall be exclusive of the period of his disability, and therefore, for these errors appearing on the face of the proceedings, the remedy provided by the statutes is an appeal to this court, and this right of appeal lasts until the statute has run against the infant, excluding the period of his disability. The object sought to be accomplished

by this action to quiet title is therefore to foreclose the right of the infants to attack this judgment on appeal within the time limited by law. The situation is the same as though such an action were brought against an adult who had a right of appeal prior to the expiration of the statute of limitations, which is now six months, and which was formerly twelve. It is plain that in such a case the successful party would have to wait for the statute to run, and that he could not destroy this right of appeal in this indirect manner. It is true that section 6121 of Comp. Laws of 1909, provides that 'action may be brought by any person in possession, by himself or tenant, of real property, against any person who claims an estate, or interest therein, adverse to him, for the purpose of determining such adverse estate or interest.' But this must be construed in connection with the other statutes, and where the party claiming the adverse right has the right of appeal to this court, and where that right has not expired, it seems elementary that this action cannot be brought when its only effect is to abridge or destroy that right of appeal."

We here point out that this action did not involve probate proceedings had in the county court, but involved a prior action in the district court for foreclosure of a mortgage. This case was followed by Balbridge v. Smith, 76 Okla. 36, 184 P. 153; Cochran v. Barkus, 112 Okla. 180, 240 P. 321; Shirk v. McGinnis, 116 Okla. 93, 243 P. 214. In each of these cases the court was concerned with the validity of probate proceedings had in the county court and erroneously applied the rule announced in Sawyer v. Ware, supra. This error was pointed out in the case of Campbell v. Hickory, 137 Okla. 235, 278 P. 1088. In that case a minor Creek Indian filed a suit to set aside a guardian's sale of his real estate. Defendant therein filed an answer and cross-petition in which he sought to have his title quieted against the minor. Thereafter the minor dismissed his suit and demurred to the cross-petition. The demurrer was sustained and the cross-petition dismissed. This court affirmed the action of the trial court holding that the defendant could not maintain a cross-petition against the minor plaintiff to quiet title during his minority.

We approve the conclusion of the court in the case of Campbell v. Hickory, supra. It is made clear that the rule announced in Sawyer v. Ware as to appeal can have no application for the reasons assigned in the cases discussed in said opinion for the reason that there was no remedy by appeal after the lapse of the time fixed by section

1413, C. O. S. 1921 (1400, O. S. 1931), by the minor from the county court to the district court from irregular probate proceedings where a guardian's or administrator's deed had been issued and the purchaser had gone into possession. We agree that the minor's remedy in such a case would be an original action in a court of general jurisdiction and that no question of appeal is involved. After overruling the prior cases the court, in Campbell v. Hickory, proceeds to apply the rule announced in Sawyer v. Ware, supra, for new and different reasons set out in the opinion as follows:

"The right of a minor to institute and maintain a suit in the district court for the recovery of his estate which has been sold by a guardian continues for three years after the termination of the guardianship (section 1496, C. O. S. 1921); for five years after the date of the recording of the deed (subdivision 2, section 183, C. O. S. 1921); and for two years after the disability is removed (section 184, C. O. S. 1921). That right is a material, subsisting, valid right given to the minor by the statutes of Oklahoma.

"The effect of a judgment against a minor quieting title to the real estate so purchased against the claims of the minor growing out of the probate sale procedure would be one of four things: It would be a useless thing; it would be res judicata as to the rights of the minor; it would destroy the effect of the statutes of limitations hereinabove referred to, or it would be ineffective because of the right of appeal."

Counsel for defendant in error critically analyze the reasons given for the holding in the above case, and urge that all are erroneous, except that such judgment would be res judicata of the rights of the minor. They admit that such judgment would be determinative of the rights of the minor, subject to the right of the minor to appeal as provided by section 547, O. S. 1931, or to vacate as provided by section 556, O. S. 1931. But counsel overlook the affirmative rights granted to minors by the provisions of section 431, O. S. 1931.

Section 99, O. S. 1931, is the general statute of limitations relating to recovery of real property. In subsection 2, it provides that an action for recovery of real property sold by executors, administrators, or guardians may only be brought within five years after the date of the recording of the deed. Section 100, O. S. 1931, provides that any person who is under disability when a cause of action accrues may bring an action for the recovery of real property within

two years after the disability is removed. The statutes above quoted are general statutes of limitations. The proviso to section 547, O. S. 1931, which we have heretofore discussed, relates to minors and those under certain disabilities. Section 431, O. S. 1931, relates particularly to minors and affirmatively grants special rights to them. Under this section a minor has a right to show cause against a judgment or final order entered against him within a certain time after attaining majority. This right is granted to the minor as to judgments or orders made against him during minority, and as the right of appeal cannot be cut off by suit to quiet title, neither can this granted right be destroyed or abridged by such suit.

Counsel for defendant in error assert that suits can be maintained against minors to quiet title with the same binding force and effect as against persons sui juris, subject, of course, to the provisions for appeal. Conceding, but not deciding, the correctness of this assertion, the rights of the parties herein are determinable from the special circumstances existing in this case, to wit: That final orders were made in the county court affecting the minor's rights and by statutory grant of a special privilege by reason of minority, the general rule contended for has no application.

Much confusion has arisen through our prior adjudications on this point. The rule announced in Sawyer v. Ware, supra, is correct, and only through its misapplication has the court fallen into error. We reaffirm the rule, and, following Campbell v. Hickory, supra, hold that an action will not lie to quiet title against a minor during minority where the only purpose and effect of such action is to defeat the right of a minor to show cause against a final order or judgment against him. In this case the right of the minor to appeal from the order of sale or the order of confirmation in the probate proceedings had long since expired, and the county court was wholly without any jurisdiction before the suit to quiet title was filed to grant her any relief. If extraneous fraud was practiced upon said minor in the conduct of said sale, she had a right to commence an action to recover her property within five years from the date of the recording of the administrator's deed, which time having expired as disclosed by the record in this case, she had a further right to show cause against said order within one year after arriving at 21 years of age. Section 431, O. S. 1931; Cravens v. Lowe, 117

Okla. 83, 245 P .50; Nat. Exploration Co. v. Robins, 140 Okla. 260, 283 P. 236; section 100, O. S. 1931. The county court was vested with jurisdiction to authorize and confirm an alienation of her land, under certain conditions, but the same law that vested the court with jurisdiction also vested her with a right, upon attaining her majority, to show cause in a proper forum against such exercise of jurisdiction. Section 431, O. S. 1931. We are not here dealing with rights safeguarded to citizens generally, including minors, but we are dealing with rights specifically and specially safeguarded to minors whose property has been involuntarily alienated by judicial proceeding during a time when, by law, they are declared to be incapable of protecting their interests. To protect infants and persons under disability in this manner has been the ancient policy of the law and of courts, and a contrary rule would open the door to trickery and fraud.

Defendant in error has called attention to the cases of Manuel v. Kidd, 126 Okla. 71, 258 P. 732, and Steil v. Leverett, 133 Okla. 300, 272 P. 412, and insists that said cases are in conflict with the case of Campbell v. Hickory, supra. They further insist that said cases are in harmony with their contentions herein that the suit to quiet title can be maintained during minority. The questions raised herein were neither presented nor determined in either of said cases, and we do not deem that said cases are of any authoritative value in the determination of the questions involved herein

The petition discloses on its face the purpose of said suit, and also the fact of the minority of the defendant, and by deduction, the prior interest of the defendant in the title to the property. The attention of the trial court was not challenged to the petition by demurrer by the guardian ad litem, but he could not waive the rights of said minor defendant by such failure. Bolling v. Campbell, 36 Okla. 671, 128 P. 1091; Title Guaranty & Surety Co. v. Foster, 84 Okla. 291, 203 P. 231. We hold that the petition failed to state a cause of action, and that the judgment predicated thereon is erroneous.

The judgment of the trial court is reversed, with directions to proceed in conformity with the views herein expressed.

McNEILL, C. J., and RILEY, BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur. BUSBY and WELCH, JJ., dissent.

BUSBY, J. (dissenting). I dissent from that portion of the majority opinion which holds that an action cannot be commenced and maintained in the district court against a minor defendant to quiet title when the purpose of such action is to settle or determine adverse claims growing out of a guardian's or administrator's sale of real estate conducted under the supervision of and approved by the county court. In so holding, the majority opinion, in effect, decides that the courts of this state are without judicial power to inquire into and decide upon the merits of adverse claims connected with the probate sale and being asserted by persons under disability.

The effect of this decision is to hold in abeyance the judicial determination of such dispute, no matter how groundless the claim of the person under disability may be, so long as it is asserted in derogation of a title acquired through a probate sale. Such a result could be accomplished by legislative act, but in my opinion no statute of this state constitutes a logical basis for the conclusion announced. The result is neither salutary nor commendable and should not be justified by a strained and unnatural construction of the statutes.

In order to judge the merits of the conclusion announced in the majority opinion, it is essential to examine the provisions of our statute, to which controlling importance is attached.

Section 466, C. O. S. 1921, being section 591, O. S. 1931, provides:

"An action may be brought by any person in possession, by himself or tenant, of real property against any person who claims an estate or any interest therein adverse to him for the purpose of determining such adverse estate or interest, and such action may be joined with an action to recover possession of such real property by any person not in possession."

The foregoing statute authorizes an action to quiet title to real estate against "any person" asserting an adverse interest therein. The language of the statute is broad enough to and does include minors and other persons laboring under disability. No exception is contained in the statute which prohibits the maintenance of an action to quiet title against a person who is a minor or labors under any other disability, nor is such an exception incorporated in any other section of our Code.

It is a general rule that in the absence of a statute to the contrary, property rights

may be enforced in actions or suits against infants as defendants as well as other persons. 31 C. J. 1114. What, then, is the basis of the conclusion reached in the majority opinion that an action cannot be maintained against a minor defendant who is asserting a claim which arises out of or in connection with a guardianship or administrator sale? The judicial precedent cited to support the conclusion announced is the case of Campbell v. Hickory, 137 Okla. 235, 278 P. 1088. The basis of the conclusion announced in that case is section 1444, O. S. 1931, which reads:

"No action for the recovery of any estate, sold by a guardian, can be maintained by the ward, or any person claiming under him, unless it is commenced within three years next after the termination of the guardianship, or when a legal disability to sue exists by reason of minority or otherwise, at the time when the cause of action accrues, within three years next after the removal thereof."

And section 100, O. S. 1931, which reads:

"Any person entitled to bring an action for the recovery of real property, who may be under any legal disability when the cause of action accrues, may bring his action within two years after the disability is removed."

The foregoing sections of the statute confer no additional grounds for relief upon a minor. They merely extend the period in which the minor or any other person laboring under a disability may commence an action for the recovery of an estate. They are merely statutes of limitations applicable to minors or others laboring under a disability. See page 1187, Bancroft's Probate Practice.

The majority opinion concludes that so long as the minor has the right to commence an action to recover the estate sold at guardian's or administrator's sale, his adversary has no right to commence an action to quiet title to prevent him from asserting his adverse claim. Since the statutes upon which this conclusion is based include both minors and persons suffering under any other disability, it must logically follow that by the same reasoning a person who derives his title through a guardian's or administrator's sale cannot commence an action against an insane person so long as that person remains insane. The logical result appeals to me as absurd. It renders the courts of this state impotent to afford relief against minors and insane persons in this class of cases, regardless of how frivolous or unfounded the claims of such persons may be.

In the case of Campbell v. Hickory, supra, which constitutes the judicial precedent for this decision, the court apparently proceeded

upon the erroneous theory that the purpose of an action to quiet title is to deprive the defendant in the action of his legal right and that such an action would result in destroying meritorious claims of minors. It is therein stated:

"If the minor has any rights in the property after the execution and delivery of the guardian's deed, those rights cannot be taken away from him through an action to quiet title during the time his disability continues."

The real purpose of such an action is to eliminate the continued assertion of groundless claims which constitutes a cloud upon the plaintiff's title. It is to be presumed that if the claims of the minor or other defendant in such an action are meritorious, they will receive the protection of the court. The purpose of such an action is to provide a method of judicial inquiry into the merits of such claims and a judicial determination thereof. We must presume that the courts will properly exercise their jurisdiction. If they do not, the error, if any, which is committed, may be corrected upon appeal to this court. And if the defendant be a minor, the time within which an appeal may be taken is extended by the provisions of section 547, O. S. 1931, until six months after he becomes of age.

In case the remedy by appeal is not sufficient to protect the rights of the minor, additional relief may be afforded under the 5th subsection of section 556, O. S. 1931, or under the 8th subsection of section 556, as supplemented by section 431, O. S. 1931.

It is thus apparent that the legislative branch of our state government has made specific provision for protecting the rights of minors and others laboring under a disability in connection with an action maintained against them during the period of their disability. These protective provisions are available in connection with an action to quiet title as well as any other character of action. In the judgment of the Legislature they were sufficiently adequate. There is no reason for this court to substitute in lieu thereof another form of protection by precluding the district court from entertaining jurisdiction in actions to quiet title against minors who are asserting claims arising out of sales conducted under the supervision of the county court.

The conclusion announced by the majority opinion, in my judgment, arises from a continued misapplication of a rule announced in one of the earlier decisions of this court. I refer to the case of Sawyer v. Ware et al., 36 Okla. 139, 128 P. 273, decided in 1912, in which this court held that the plaintiff in a foreclosure action previously tried against minor defendants could not thereafter maintain an action to quiet title against the same minor defendants, while the minor defendants still had the right to appeal under the provisions of section 547, supra, or to attack the judgment under the provisions of section 556, supra. The theory of that decision was that the parties in the two actions were precisely the same, and that the former action was in effect still pending. In the subsequent cases of Baldridge et al. v. Smith et al., 76 Okla. 36, 184 P. 153, and Cochran v. Barkus, 112 Okla. 180, 240 P. 321, this court, without recognizing the erroneous basis of its decision, applied the rule announced in Sawyer v. Ware to sales conducted under the supervision of the probate court on the apparent theory that a suit to quiet title could not be maintained for the reason that there was then an action pending from which the minor could later perfect an appeal. In the case of Campbell v. Hickory, supra, this court recognized the error into which it had fallen and that the application of the rule established by Sawyer v. Ware to a sale under the supervision of the county court could not be justified upon the reasons given for the rule in Sawyer v. Ware. However, in the case of Campbell v. Hickory, the same result was announced, even though the reasons announced in the previous cases were abandoned as inapplicable.

I have already pointed out the reasons upon which the court attempted to justify its conclusion in Campbell v. Hickory and the fallacy of those reasons.

Having pointed out the line of authorities upon which the decision announced in this case is said to rest, this court's attention is called to certain decisions of our court which conflict in principle and which cannot be reconciled with the conclusion announced in the majority opinion. See the cases of Manuel v. Kidd et al., 126 Okla. 71, 258 P. 732, and Steil v. Leverett, 133 Okla. 300, 272 P. 412. The latter case is particularly enlightening on the question involved herein. It was definitely decided therein that the district court had jurisdiction of the subject-matter for the purpose of deciding the adverse claims of a minor to land which had been sold through the county court. It was further held in that case that the court

could properly enter a judgment determining that the claims of the minor were groundless. While the suit in that case was commenced by the infant, the principle remains the same. The gist of the entire problem presented is whether the district court has power to judicially inquire into such claims and to quiet title against the minor during his minority. The decision in this case is a denial of that power. The decision in Steil v. Leverett was a recognition of that power.

If the decision in the majority opinion is sound upon the reasons given, then followed to its logical conclusion it virtually prohibits the maintenance of a suit to quiet title in the district court against a minor or insane person, since, in nearly every case where a minor is claiming an interest in real estate he is, by the various provisions of our statute, authorized to bring an action to recover the same within a limited time after he reaches his majority, or, in the case of an insane person, within a reasonable time after the removal of his disability. The provisions of section 1444, supra, referring to the limitation of time in connection with guardianship sale, are no different in principle than the various other provisions of limitation statutes authorizing the commencement of an action after the termination of disability. If the authority upon the part of a disabled person to bring an action to recover real estate precludes the possibility of anyone else bringing an action against him to prevent the continued assertion of a groundless claim, then there are very few, if any, instances in which the district courts of this state will be authorized to entertain jurisdiction of an action to quiet title against persons laboring under a disability. I cannot conceive such a result was intended by the legislative branch of our government in enacting the statutes previously mentioned in this opinion.

In conclusion it is my judgment that in this case we should review on appeal the proceedings conducted in the trial court as reflected by the record without denying, however, the right of the plaintiff to maintain an action against the defendant minor for the purpose of quieting title and without denying the power and authority of the district court to entertain jurisdiction of such an action. In other words, our review should be limited as in ordinary appeals to a determination of whether or not the trial court committed errors in exercising its jurisdiction.

The law provides an adequate and appropriate remedy for protecting the rights of minors in cases of this character by granting them the right of appeal. That right has been exercised by the minor in this case. We should not substitute in lieu of such protective measure provided by the Legislature an unauthorized method of our own for protecting the rights of minors.

For the reasons stated, I respectfully dissent.