No. 36,317

In re Estate of L. E. Douglass, Deceased.  (Roy Davis, *Appellant*, v. June Eshelman et al, *Appellees*.)

(160 P. 2d 661)

Opinion filed July 7, 1945.

*Austin M. Cowan*, of Wichita, argued the cause, and *W. A. Kahrs, Robert H. Nelson* and *Clarence Holeman*, all of Wichita, were on the briefs for the appellant.

*Glenn Porter*, of Wichita, argued the cause, and *W. E. Holmes, Howard L. Baker, Edward F. Arn, Richard F. Mullins, Getto McDonald, Dwight S. Wallace* and *William Tinker*, all of Wichita, were on the briefs for the appellees.

The opinion of the court was delivered by

Wedell, J.: This is an appeal from a judgment of the district court in a will case.

Appellant Roy Davis was also the appellant in the appeal from the probate court to the district court. The instrument claimed by appellant to be a will was executed by L. E. Douglass, deceased. Appellant claims all of the decedent's property under that instrument passed to the decedent's son, Jimmy. Mildred F. Main, decedent's former wife, appellee, claimed all of decedent's property passed to their three children, including Jimmy, under a former joint and reciprocal will which she and decedent had executed. Appellant did not appear at the hearing for probate at which time both instruments were presented. The minor son, Jimmy, appeared at that hearing by a guardian *ad litem*. The probate court upheld appellee's contention. Appellant later appeared and attempted to contest the former will, to set aside the order of probate and to have the later instrument admitted to probate as the last will and testament of the decedent. The probate court sustained appellee's objections to appellant's right to be heard. Appellant appealed to the district court. Appellee objected to appellant's right to be heard in

that court. The parties differ widely with respect to the issue or issues submitted to the district court for determination. The record in the district court is highly confusing with respect to what issue or issues appellant and appellee intended to submit to that court for determination. The only question upon which the district court made specific findings and rendered a judgment pertains to the construction of the instrument in question. Those findings and the judgment rendered are:

". . . the court finds from the evidence that said purported instrument is not an instrument capable of probate, is not documentary [testamentary] in character, and does not dispose of or attempt to dispose of any property, real, personal or mixed; does not name, designate or appoint an executor, and does not revoke any former will or wills of the said L. E. Douglass, and that said instrument is not the last will and testament of L. E. Douglass, and that therefore Roy C. Davis has no capacity and is not authorized to prosecute the appeal.

"IT IS THEREFORE ORDERED that by virtue of the foregoing the appeal of Roy C. Davis should be and is hereby dismissed at the cost of the appellant."

Some members of this court agree with the findings of the district court and agree that by reason of such findings appellant had no capacity and was not authorized to prosecute the appeal. Some other members of this court do not agree with such findings but believe that upon the basis of the record before us appellant disclosed no interest or capacity or such compliance with statutory requirements as entitled him to be heard in the probate or district court. They believe the appeal to the district court was properly dismissed for those reasons rather than for the reason assigned by that court. In other words a majority of this court, although for different reasons, believes the appeal was properly dismissed and the judgment of the district court should be affirmed.

It follows what has been said herein should not be interpreted as approving or disapproving the construction placed upon the instrument in question by the district court.

The judgment is affirmed.

BURCH, J. (dissenting): By combining the views of the members of the court who are of the opinion that the involved document was not testamentary in character with the views of the members of the court who are of the opinion that the appellant had no right to be heard for other reasons, a decision has been reached in this case. Therefore, the majority opinion is justified and logically follows.

Under the circumstances it was impossible for the author of the court's opinion to write the decision in any other manner. No question raised by the appeal, however, has been decided except that the ruling of the district court was correct for some reason or another. My principal objection to such a result arises by reason of the fact that the possible rights of the minor have been thrown into the wastebasket of judicial discard and disagreement. I find myself unable to concur in the majority opinion because I am one of the members of the court who are of the opinion that the document was testamentary in character. I shall not discuss the reasons for my conclusion as to the nature of the document because this court is not deciding that question. For the same reason I will not discuss the second question of whether Davis had a right to be heard. If the document was testamentary in character then regardless of the second question, the decision of the district court should be reversed for the reasons hereinafter set forth.

The guardian *ad litem*, appointed in the probate court, approved of the result of the judgment of the court which had appointed him and therefore did not appeal. The time in which the guardian could have perfected an appeal to the district court has now expired and possibly therefore any legal right which the minor may have had to inherit all of his father's estate instead of one-third of it may be lost forever. This court is asked to give the nod of judicial approval to such a consequence. I find no difficulty in executing the first half of the nod. I do not question the good faith of the guardian *ad litem* in this case, but I cannot bring myself to believe that appellate courts are or should be helpless to protect promptly the possible rights of infants under such circumstances. Fundamentally, infants are regarded as wards of the courts and guardians *ad litem* act only as arms of the courts. Are the wards of the courts to be strangled by the arms of the courts? Such a question transcends and rises far above all others presented by the appeal.

This court has held that a guardian cannot waive or admit away the substantial rights of an infant or consent to anything which may be prejudicial to him even by *neglect or omission*. (See *Suter Bros. v. Hebert*, 133 Kan. 262, at p. 267, 299 Pac. 627.) If a guardian neglect or omit to appeal, such conduct may be as prejudicial to the rights of the infant as if the guardian had entered into a stipulation waiving the right of appeal. It must be admitted, however, that some of our decisions, such as *Kistler v. Fitzpatrick Mortgage Co.*,

146 Kan. 467, 71 P. 2d 882, and *Lewis v. McConchie*, 151 Kan. 778, 100 P. 2d 752, lend strong support to the conclusion reached therein that the failure of the guardian to appeal deprived the district court of jurisdiction and that it could not therefore give any consideration to the minor's interests. Such decision may also leave this court helpless to aid the minor, regardless of how meritorious the minor's rights may be, in the absence of an appeal by the guardian.

In my opinion, our decisions holding in substance that minors, represented by guardians, are bound in the same manner as adults, in the absence of fraud and collusion, should not control in cases wherein the possible rights of minors appear affirmatively in the record and the rights of purchasers of property are not involved and the minor's possible rights are lost solely because the guardian failed to appeal.

In the present case the probate court acted properly in considering the application made by Mildred F. Main to have a guardian appointed for Jimmy Douglass and in considering the effect of the 1944 instrument. When that application reached the district court, on appeal by Roy Davis, the district court should have recognized immediately that the rights of a minor were involved in the proceedings, and upon ascertaining that no guardian *ad litem* had appealed in behalf of such minor, should have exercised its supervisory power over the probate court and entered an order directing the probate court either to instruct the guardian *ad litem*, whom it had appointed, to join in the appeal, or appoint another guardian *ad litem* for the purpose. Our applicable statute reads as follows:

". . . a district court, . . . shall have . . . jurisdiction in cases of appeal and error from all inferior courts and tribunals, and shall have a general supervision and control of all such inferior courts and tribunals, to prevent and correct errors and abuses." (G. S. 1935, 20-301.)

See, also, the case of *In re Petitt*, 84 Kan. 637, 114 Pac. 1071, from which the following is quoted:

"The district court is superior to the probate court, not only because of the appellate power conferred, the prerogative writs which it may issue, and the higher character of its jurisdiction, but the statute expressly provides that it shall have general supervision and control of inferior courts and tribunals to prevent and correct errors and abuses." (p. 641.)

This court also has supervisory jurisdiction of the district courts. (See *In re Petitt*, supra, p. 640, and cases therein cited.)

Jimmy Douglass, a minor, was the real party in interest and he certainly was a party aggrieved by the result of the hearing in the

probate court. Consequently, since it appears at this stage of the record, that the rights of the minor may be meritorious, unless other defenses prove sound, this court can and should direct the district court to hear, and determine the rights of the minor in a trial *de novo* and give consideration to all of the elements involved in the case. Because the time for the guardian to appeal from the probate court has expired, the district court should now appoint its own guardian *ad litem* for the minor, under the authority of G. S. 1943 Supp., 59-2408.

Parties interested in the general question may find assistance by referring to the following cases: *Pfister v. Johnson,* 173 Okla. 541, 49 P. 2d 174, 102 A. L. R. 31; *Spotts v. Spotts,* 331 Mo. 917, 55 S. W. 2d 977, 87 A. L. R. 660; and *In re Deming,* 192 Wash. 190, 73 P. 2d 764, from which the following is quoted: "This court may notice and correct any evident error prejudicial to the minor respondents, even though they have not appealed. In the case of *Glade Coal Mining Co. v. Harris,* 65 W. Va. 152, 63 S. E. 873, the court of appeals of West Virginia laid down the rule as follows: '. . . on appeal an infant will be given the benefit of every defense of which he could have availed himself, or which might have been interposed for him in the trial court; and that where the record shows error, as to a minor defendant, the judgment will be reversed, though there is no appeal on his part, it being the duty of the chancellor, as the guardian of infants, to protect their rights.' This doctrine is also supported by the following authorities: *Title Guaranty & Surety Co. v. Foster,* 84 Okla. 291, 203 Pac. 231; *Kempner v. Dooley,* 60 Ark. 526, 31 S. W. 145; *Parken v. Safford,* 48 Fla. 290, 37 So. 567." (p. 200.) See, also, *Laupahoehoe S. Co. v. Lalakea,* 28 Haw. 310, from which the following is quoted: "But where, as here, it now appears upon this appeal that parties to the cause being minors may have substantial interests in the subject matter of the suit which for failure of their guardian *ad litem* to answer the bill of complaint or otherwise represent them therein may become lost to such minors this court may and should refuse to further proceed with the appeal and may and should of its own motion reverse the final decree and remand the cause for further proceedings consistent with its opinion accompanied by such directions to the trial court as it may deem necessary and proper to insure the representation of the interests, if any, of such minors." (p. 328.) See, also, 31 C. J. 1115, § 254, and 43 C. J. S. 271, § 105.

The exact point as to whether the district court should have directed that the guardian *ad litem* join in the appeal from the probate court, or whether the district court should have appointed its own guardian *ad litem*, is not presented by counsel for either of the parties to this appeal. Under the authority of the decisions above cited, however, it becomes the duty of the appellate court to exercise supervisory power for the purpose of correcting errors and abuses.

The judgment of the district court should be reversed with instructions to proceed in conformity with the views expressed herein.