## M. J. Crowe et al., Administrators, Appellants, v. Charles Morrison, Executor, Appellee.

1. ADMINISTRATION OF ESTATES—*authorization of expenditures.* An administrator to protect himself and preclude the questioning of his expenditures, should obtain the authority of the court of probate authorizing the institution and conduct of litigation.

2. APPEALS AND ERRORS—*what does not affect right to review order approving administrator's final report.* No exception to the final judgment approving an administrator's final report is essential to the right to review the same, nor is it required that written

objection be interposed to such report to preserve the right of review.

Objections to administrator's report. Appeal from the Circuit Court of Monroe county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

RICKERT, WINKELMANN & OGLE, for appellants.

L. D. TURNER and LOUIS KLINGEL, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court respecting the final report and accounting of appellants as administrators of the estate of T. J. Payne, deceased.

On May 9, 1907, the appellants, administrators, presented their final report in settlement of the estate to the County Court. Objections were made by appellee, executor of the estate of Margaret Burroughs, deceased, to certain items of credit specified by the exceptions filed. Upon hearing by the County Court, the exceptions were sustained in part and overruled in part, and appellants ordered to restate their account, "in form as prepared by the court," which was done, and the order entered as follows: "It is further ordered that the final report filed May 9th, 1907, together with the Exhibit 'A', 'B', 'C' and 'D' attached thereto, be recorded and report as re-stated, filed May 31, 1907, be also recorded." * * * "It is further ordered that said reports be and are considered to be final reports of all the acts and doings of said administrators in said estate, except as to the deed to be obtained upon the sheriff's certificate of sale set out in Exhibit 'B' herein."

From this order appellants appealed to the Circuit Court, where, upon hearing, the court ordered a reduction in the allowances claimed for witness fees, attorney fees, and other expenses, and corrected a pal-

pable mistake in a double charge of $246.85. The contested item, other than the double charge mentioned, pertains to litigation, which appellees insist, and the court found, was not authorized by the County Court, was not made in good faith for conserving the estate, and, whatever the motive, that unreasonable and unnecessary expense was incurred for which the allowance claimed should be reduced. We have read the evidence abstracted, fully considered the argument of counsel, and are not persuaded that the judgment should be reversed for want of evidence to support it.

For his own protection, and because it is usual and proper practice contemplated by the statute, the administrator should first submit to the Probate Court the propriety of unusual expense to be incurred in litigation, especially when, as it seems in this case, the outcome is doubtful. In that way his duty in the premises and the limit of expenditures may be defined in advance. His acts and expenses incurred, pursuant of a court order, may not be challenged on final accounting. If he chooses to act otherwise, relying upon his own judgment, he may not complain when it comes to final report, if the court should then find, as it would have found, on application for advance authority, that the facts presented did not justify the litigation and expense proposed. Imprudently and unnecessarily he assumed the risk and personal responsibility for the expense, unless it was his purpose and intention to litigate at his own expense should the court refuse to allow his charge against the estate.

In the Circuit Court the appellants moved to dismiss the appeal from the County Court on the ground that no objection was made or exception taken to the final order of the County Court. In appeals from the Probate to the Circuit Court, it is not required that an exception to the order or judgment shall be preserved, as under the practice in the Appellate or Supreme Court, nor is it required by statute that written objections to the administrator's report shall be filed.

Appeals are allowed by the statute, to an aggrieved party, from any judgment, order or decree of the Probate or County Court, and such appeal may be had, though the party praying therefor is wholly in default in the hearing below. In this case the appeal was from the order approving the final report of the administrators, and it brought before the Circuit Court all the items of charges and credits, which the report contained. The case was on hearing *de novo*, and precisely the same questions could be raised and determined as in the County Court. The appeal might have been limited, but was not, to particular items contested, in which case, other items, not questioned, would not be considered. Such in effect is the ruling of the court in Elder v. Whittemore, 51 Ill. App. 662, cited by appellants.

We are of opinion, that the Circuit Court did not err in refusing to dismiss the appeal, or in considering and determining the correctness of the claim of $246.85, though no formal written objections were filed. We find no ground within the assignment of errors or cross errors to justify a reversal of the judgment, and it will therefore be affirmed.

*Affirmed.*