LEO J. McDONALD, Administrator of the Estate of Hans Iverson, Deceased, Respondent, v. FIRST NATIONAL BANK OF STEELE, NORTH DAKOTA, Appellant.

(224 N. W. 676.)

Opinion filed April 1, 1929. Rehearing denied April 13, 1929.

*Knauf & Knauf,* for appellant.

*Sullivan, Hanley & Sullivan,* for respondent.

CHRISTIANSON, J. The defendant appeals from an order overruling a demurrer to the complaint. According to the allegations of the complaint the plaintiff is the duly appointed, qualified and acting administrator of the estate of Hans Iverson, deceased, and the defendant is a national banking corporation, operating a bank in this state. During April and May, 1925, plaintiff's intestate, Hans Iverson, deposited certain sums of money in the defendant bank, on time deposit, and such bank issued to him time certificates of deposit in various amounts. The certificates are set forth in the complaint and aggregate in all $6,775.00. The certificates all became due and payable before the commencement of this action; payment was duly demanded but refused and the full amount of the certificates, principal and interest, remains unpaid. The defendant demurred to the complaint on the ground, among others, that the complaint fails to state facts sufficient to constitute a cause of action.

In appellant's brief it is said: "The whole question involved here . . . under the demurrer and assignments of error is:

"May an administrator, appointed under and by virtue of the laws of the state of North Dakota, by the county court, bring actions in the other courts of this state without first obtaining order or direction therefor from the county court or the county judge, under whom he is acting?"

The trial court was correct in answering this question in the affirmative.

The laws of this state provide:

"The executor or administrator is entitled to possession of all the real and personal property of the decedent except the homestead and other exempt property reserved by law to the surviving husband or wife or children; and must protect the real property from waste or other injury and collect the rents and profits thereof until ordered to surrender the same, and collect the goods, chattels and other effects of the decedent and the debts and demands of every description due to the decedent or accruing to the estate in his right, and safely keep and dispose of the same according to law." (Comp. Laws 1913, § 8707.)

*"Except as otherwise prescribed in the next section,* actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts may be maintained by and against executors and administrators in all cases and in the same courts in which the same might have been maintained by or against their respective testators or intestates." (Comp. Laws 1913, § 8798.)

"No action for the recovery of money only shall be brought in any of the courts of this state against any executor, administrator or guardian upon any claim or demand which may be presented to the county court except as provided in this chapter." (Comp. Laws 1913, § 8799.)

Other sections of our Probate Code provide for the maintenance by an executor or an administrator of an action for the possession of real property or to quiet title (§ 8797); an action for waste, trespass or conversion (§ 8800); an action on the bond of a former executor or administrator (§ 8802).

Section 8801 Comp. Laws 1913 provides:

"An executor or administrator may *under the direction of the coun-*

*ty court* maintain any action which may be necessary to enforce his right to the possession of the property and effects of the decedent, collect all demands due the estate and secure an accounting or settlement of any partnership existing between the decedent at or prior to his death and any other person. He may also prosecute to final judgment any action commenced by the decedent or by a special administrator, or other administrator previously appointed in the same case."

The contention of the appellant that the complaint in this case fails to state facts sufficient to constitute a cause of action is predicated solely upon that portion of § 8801 which we have italicized. It is contended that under this statute an executor or administrator may bring an action only if, and when, he is ordered or directed by the county court to do so; that such order or such direction is a condition precedent to the right to maintain an action and that inasmuch as the complaint in this case fails to show any such direction or order, it fails to state a cause of action.

Sections 8707 and 8798, Comp. Laws 1913 were first enacted in this jurisdiction in territorial days. Prob. C. Dak. 1877, §§ 122, 210, 211; Comp. Laws Dak. 1887, §§ 5772, 5860, 5861. Section 8707 was adopted in its present form in the Revised Codes of 1895 (Rev. Codes 1895, § 6372),—the revising commissioners (who prepared the Revised Codes of 1895) having embodied therein the provisions of §§ 122 and 210 of the Probate Code of 1877. Section 8798 has remained in force as originally enacted by the territorial legislature, with the single exception that the commissioners added the introductory clause—(which we have italicized). See Rev. Codes 1895, § 6467. Section 8799 was an original provision in the Revised Code of 1895. Rev. Codes 1895, § 6468. It will be noted that the introductory clause of the preceding section (Comp. Laws 1913, § 8798): "Except as otherwise provided in the next section" was used so as to harmonize the provisions of that section with the section following. Section 8801, Comp. Laws 1913 was first enacted in this state as a part of the Revised Codes of 1895. Rev. Codes 1895, § 6470. There is no contention that prior to its enactment there was any requirement in this state that an executor or administrator must obtain an order or direction from the county court, as a condition precedent to the institution of an action

upon an obligation due the testator or the intestate. The claim that such order or direction is necessary is predicated solely upon § 8801, supra. But, as noted, the same legislative assembly which enacted this section also re-enacted § 8798, supra, without change in so far as it relates to actions to be brought by an executor or administrator. The language employed in § 8798 is inconsistent with the intention that an executor or administrator must obtain leave of the county court to maintain an action upon a demand of his respective testator or intestate. And no such intention should be attributed to the legislature by § 8801 unless it is clearly expressed therein. While this section purports to be an original enactment in the Revised Codes of 1895 (Rev. Codes 1895, § 6470), an examination of the Compiled Laws of 1887 as well as the Code of 1895 leads to the conclusion that § 8801 (at least in part) had its source in § 5864, Comp. Laws 1887. The latter section related to the interest of a decedent in a partnership. The concluding portion thereof authorized an executor or administrator to maintain against the surviving partner, "any action which the decedent could have maintained." The revising commissioners (who prepared the 1895 Code), in effect, subdivided the section and enacted the first portion thereof,—the part relating to the administration of the interest of the decedent in a partnership,—as one section (Rev. Codes 1895, § 6377); and the latter portion,—the one relating to the maintenance of an action against the surviving partner,—as another section. Rev. Codes 1895, § 6470; Comp. Laws 1913, § 8801. Sections 7898 and 8801, having been enacted at the same time, as a part of the same Code, should be construed together as one statute (26 Am. & Eng. Enc. Law, p. 617), and if possible full effect should be given to the provisions of each section.

If the legislature had intended that an executor or administrator must obtain leave of the county court to maintain an action, it would doubtless have said so. An intention to depart wholly from the then established rule should not be attributed to the legislature in the absence of language clearly indicative thereof. As has been noted, another section of the legislative enactment, of which § 8801 was a part, expressly provided that an executor or administrator may bring suit "in all cases, and in the same courts in which the same might have been maintained by their respective testators or intestates." § 8798, supra.

This language negatives any legislative intention that an executor or administrator may maintain an action only by leave of the county court; and we find nothing in § 8801 indicative of any intention to restrict the effect of the unqualified language contained in § 8798.

We are inclined to the view that the legislature by the enactment of § 8801, supra, intended: (1) To retain the provision then in force (Comp. Laws 1887, § 5864) authorizing an executor or administrator to maintain a suit against the surviving partner of a partnership in which the decedent had been a member; (2) To provide for the continuance of an action instituted by the decedent, by a special administrator, or a former administrator; and (3) To authorize the county court to direct an executor or administrator to bring an action for the purposes stated in the section.

It has long been recognized that an executor or administrator ought to be permitted to apply to the courts for direction and guidance in the performance of his duties. 23 C. J. p. 1174; 24 C. J. p. 103. In the absence of express statutory authorization it may be a subject of controversy whether the county court can direct an executor or an administrator to institute an action. 23 C. J. p. 1175. The decisions of the courts of other states show that it is desirable that the probate court should be vested with express power to direct the institution of an action by an executor or administrator. This power is desirable for the orderly and efficient conduct of the administration of the estate. An executor or an administrator is individually liable for costs when a judgment is rendered against him; and he will not be entitled to allowance therefor in his administration accounts where it appears that the suit or proceeding in which the costs were taxed was prosecuted or defended without just cause. Rev. Codes 1894, § 6490; Comp. Laws 1913, § 8749. Hence, it seems just that in cases of doubt an executor or administrator should be permitted to submit the matter to the county court and obtain its approval before incurring the expense incident to litigation. See 24 C. J. pp. 91, 100, 103; Crowe v. Morrison, 147 Ill. App. 107. The decisions of the courts of other states also show that neglect or refusal of an executor or administrator to maintain an action, in some instances at least, have presented administrative problems of some difficulty and resulted in litigation. Bem v. Shoe-

maker, 10 S. D. 453, 74 N. W. 239; Trotter v. Mutual Reserve Fund Life Asso. 9 S. D. 596, 62 Am. St. Rep. 887, 70 N. W. 843.

We are of the opinion that in so far as § 8801 refers to the maintenance of an action by an executor or administrator "under the direction" of the county court, it permits an executor or administrator before instituting an action to submit the matter to the county court for the approval of such court; and authorizes the county court to direct an executor or administrator to institute an appropriate action to enforce some right or claim in favor of the decedent or estate of the kind and nature referred to in the section. We are entirely satisfied, however, that there was no intention by this section to restrict the authority conferred upon an administrator or executor by § 8798 supra, to maintain "actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts . . . in all cases and in the same courts in which the same might have been maintained by their respective testators or intestates." 1 Ross, Prob. L. & Pr. p. 434; Blakemore v. Roberts, 12 N. D. 394, 96 N. W. 1029.

As the administrator had authority to maintain this action without obtaining the permission or direction of the county court to do so, it follows that the complaint does state facts sufficient to constitute a cause of action against the defendant. The order appealed from is affirmed.

BURKE, Ch. J., and BIRDZELL, NUESSLE, and BURR, JJ., concur.