**W. M. GRAHAM and Lucy Graham, his wife, Plaintiffs in Error,**

v.

**MID–CONTINENT COACHES, Inc., a corporation, Tommy Leo Noble and Billy Downey, and Highway Insurance Underwriters, a Casualty Reciprocal Insurance Exchange, Defendants in Error.**

No. 37405.

Supreme Court of Oklahoma.

Oct. 16, 1956.

Bishop & Samples, Seminole, for plaintiffs in error.

Foliart, Hunt & Shepherd, Oklahoma City, for defendants in error.

CORN, Justice.

Plaintiffs sued the named defendants in the Superior Court of Seminole County, seeking to recover damages for the wrongful death of their son as the result of an automobile accident. The petition alleged plaintiffs were residents of Canadian County, and that the principal defendant was the operator of vehicles carrying passengers for hire within this state, and in Canadian County; on June 22, 1952, a collision occurred in Canadian County between defendants' bus, operated by defendant Noble and insured by the defendant insurer, and an automobile driven by the defendant Downey in which plaintiffs' decedent was a passenger; such collision and decedent's death were the direct and proximate result of various concurring and commingled acts of negligence on the part of defendants.

Upon this petition summons issued from Superior Court to defendant Downey, directed to the sheriff of Canadian county. Service of such summons was made upon this defendant's attorney. The back of the summons bore the following endorsement: "I hereby accept service of summons this 22nd day of October, 1954. Billy Downey." Thereafter the remaining defendants were served by summons issued by the court clerk of Seminole county as follows: the principal defendant and the insuring defendant by summons directed to and served by the sheriff of Oklahoma county; upon the defendant Noble by personal service executed by the sheriff of Kiowa county.

Thereafter each defendant, except defendant Downey, filed separate pleas of no jurisdiction over person or property of such defendant, or venue of the action. The principal defendant's plea of no jurisdiction set forth that plaintiffs were residents of Canadian county where the cause of action arose, and that defendant did not operate within or have an agent within Seminole county, nor was any person upon whom service of summons authorized by law to be had upon defendant resident of such county. The separate pleas and motion to quash filed by other defendants were to the same effect.

After consideration of the pleas of no jurisdiction and motion to quash the trial court entered order and judgment sustaining the motions and dismissing the action for lack of jurisdiction over the person of each named defendant. Although the defendant Downey made no appearance, no default judgment was sought against him, and he is not a party to the appeal.

Plaintiffs seek reversal of the trial court's order and judgment upon the basis of two statutory provisions hereafter quoted.

12 O.S.1951 § 154.—"Summons may issue to other county.—Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

12 O.S.1951 § 162.—"Acceptance of service and voluntary appearance.—An acknowledgement on the back of the summons, or the voluntary appearance of a defendant, is equivalent to service."

Plaintiffs urge that this action was instituted properly, legal service was had upon defendant Downey, and thereafter upon the other defendants in various counties, thereby investing the trial court with jurisdiction

over all parties to the action. The argument by which plaintiffs seek to support such conclusion may be summarized in the following manner.

This court heretofore has had no occasion to apply section 162, supra, to a fact situation such as here presented. However, this statute was taken in toto from the general statutes of the State of Kansas, in which jurisdiction the statute has been applied several times, and such pertinent decisions should be persuasive herein. Plaintiffs then cite five decisions from the Supreme Court of Kansas which would indicate that, if only the language quoted by plaintiffs be considered, the Kansas Court recognizes the meaning of the statute to be as contended for by plaintiffs.

Examination of the cited cases obviates the necessity for citation and discussion of these decisions. It is sufficient to point out that in three of these cases there was personal service upon one of the defendants *in the county where* the action was instituted, and thereafter summons properly issued to another county for service upon the other defendant. In one case nonresidents of Kansas entered a voluntary appearance in an action properly brought in the county where they owned property, and since the court had venue, process issued to a defendant in another county was sufficient. The other cited decision only holds that where an action was properly brought in a particular county, summons could issue to residents of another county to require them to be made parties and defend against a counterclaim. Neither the reasoning, nor the conclusion reached in such cases tend to support the proposition urged herein.

No extended discussion concerning the venue of actions is necessary in disposition of this matter. Our statutes make explicit provisions, fixing the venue of actions. 12 O.S.1951 §§ 131–140, inclusive. We have pointed out in numerous cases the privilege extended a defendant to be sued in the county of domicile is a substantial and valuable right which is not to be denied upon a strained or doubtful construction.

Parker v. Remy, 202 Okl. 400, 214 P.2d 243; Knox v. McMillan, Okl., 272 P.2d 1040. Ordinarily venue is controlled by residence of the parties. Maggi v. Johnson, 200 Okl. 361, 194 P.2d 854. And, it is further noted that the venue statutes, supra, precisely fix the venue of every type of action with this geographical limitation in view.

Having specifically provided for the venue of different kinds of actions, section 154, supra, provides for service of process upon nonresident defendants of a county in which an action is "rightly brought." In an unbroken line of decisions this Court has adhered to the rule announced in syllabus 2 of Stumpf v. Pederson, 176 Okl. 136, 54 P.2d 1035, as follows:

"If service of summons is not legally obtained on one of several defendants in the county where the action is brought, a summons cannot be issued thereon to any other county and there be legally served on any one or more of the codefendants."

Also see Allen v. Ramsey, 170 Okl. 430, 41 P.2d 658, 97 A.L.R. 1259; Krumme v. Walker, 199 Okl. 6, 181 P.2d 835; Maggi v. Johnson, supra; Turner v. Big Four Pet. Co., Okl., 274 P.2d 524.

The argument that Downey's written acceptance of service sufficiently fixed the venue of plaintiffs' action and gave the Superior Court of Seminole county jurisdiction of the defendants is untenable. If this argument were sound the statutes relating to venue would be meaningless since venue could be fixed by agreement and without regard for such statutes. Venue is not established by service of, or voluntary acceptance of service of summons. Rather, it is the establishment of venue, by an action "rightly brought", which provides the basis for issuance of process which, in turn, serves to give the court jurisdiction over persons and property. Clearly the action was not "rightly brought" in Seminole county and the court clerk in that county was without authority to issue the summons to defendant Downey, or to the other defendants. The trial court proceeded cor-

rectly in sustaining defendants' plea of no jurisdiction and dismissing the action.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., HALLEY, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

DAVISON, J., concurs in result.