STATE of Oklahoma ex rel. of William J. OTJEN, Executor of the Estate of T. B. Blake, deceased, Petitioner,

v.

Francis MAYHUE, Associate District Judge of the District Court of Pontotoc County, Oklahoma, Respondent.

No. 44145.

Supreme Court of Oklahoma.

Nov. 3, 1970.

Deaton & Gassaway, Ada, Rodgers & Rodgers, John H. Gurley, Blackwell, for petitioner.

Lambert, Roberts, Jaques & Heard, by Frank H. Jaques, Ada, for respondent.

BERRY, Vice Chief Justice:

Petitioner has applied for extraordinary relief by writ of prohibition, to enjoin respondent from proceeding in a pending action, upon grounds of attempted exercise of unauthorized jurisdiction and unwarranted application of judicial force. Although application for relief is denied, presentation of a question of first impression justifies written expression.

Factual background provoking the issue may be summarized briefly. T. B. Blake died testate in Pontotoc County, Oklahoma, in 1969 and his estate presently is being administered in the probate court of that county. Petitioner, hereafter referred to as executor, resident of Garfield County, is duly appointed and acting executor. LeMoine Crabtree, plaintiff in the trial court, its testator's surviving daughter and a resident of Pontotoc County.

Plaintiff brought a district court action against the executor asserting two causes of action: (1) for specific performance of testator's oral contract to devise outstanding stock in a family corporation in order that plaintiff would own more than 50% upon death of plaintiff's parents; (2) judgment for sum ($20,000.00) due upon agreed price of real property which plaintiff conveyed to testator, as evidenced by written memorandum. Plaintiff also alleged presentment of claim for this amount and executor's rejection of claim.

Summons was issued and returned to the district court of Pontotoc County. Petitioner appeared specially and objected to the trial court's jurisdiction upon grounds venue of the action was not properly laid in that county. The matter was taken under advisement upon briefs of the parties. Thereafter the trial court entered an order determining plaintiff's first cause of action was founded upon contract, and the second upon a rejected claim, for the unpaid balance due under a land sale transaction between plaintiff and testator. Respondent found the second cause of action was maintainable under 58 O.S.1961 § 252, and therefore both venue and jurisdiction supported the action. Executor's motion was overruled and this special application ensued.

Specifically involved is 58 O.S.1961 § 252, of our probate code which provides:

"Actions for recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases and in the same courts in which the same might have been maintained by or against their respective testators and intestates. R.L.1910, § 6302."

The terminal issue is whether the statute, supra, provides venue of plaintiff's action against the executor in the county where the estate is being administered. Confined to this inquiry, we do not notice related questions such as multiplicity of actions, forum non conveniens, possible perplexing jurisdictional questions, or whether the action should be treated as local or transitory.

■ It must be noted, however, plaintiff's second cause of action alleged a money demand against the estate, for which claim had been presented and rejected by executor. It is axiomatic a claim can be established against a decedent's estate only by presentation and allowance by the legal representative followed by probate court approval, or by judgment upon the claim in an action against the personal representative. In re Barnett's Estate, 52 Okl. 623, 153 P. 653. In this connection we note our statute, 58 O.S.1961 § 339, requiring suit to be brought to establish correctness of a rejected claim,

provides for such action "* * * in the proper court, *according to its amount* * * *" as the only requirement. Action upon a rejected claim to establish money demand against the estate must be brought in the county of probate. The claim asserted in plaintiff's second cause of action, a money demand against the estate, must be brought in the proper court in the county having jurisdiction of the probate estate.

Argument supporting petitioner's contention § 252, supra, is not a venue statute, in substance, relies upon matters hereafter summarized. Neither by language used, nor by necessary implication, can the statute be considered either permissive or mandatory. Legislative intent in adoption of § 252 is shown by title of the act (Chap. IV) entitled *"Executors and Administrators— Powers and Duties."* In relation to fixing venue an executor is in the same category as an individual and entitled to be sued in the county of his residence, citing Graham v. Mid-Continent Coaches, Inc. et al., Okl., 302 P.2d 777. Even should § 252, supra, be considered a venue statute same was repugnant to, and was superseded by 12 O.S. 1961 § 139, which was adopted after § 252 became effective.

In 31 Am.Jur., Executors & Administrators § 737, the text rule states:

"The proper venue of actions against personal representatives in their official capacity' had been deemed to be in the county of administration under the application of statutes specifically to that effect, despite the contention that venue was controlled by a general venue statute. This means that in actions involving matters concerned with the administration of the estate, the venue of an action against the personal representative is in the county of administration of the estate * * * However, a statute generally controlling venue in actions involving land has been held to prevail over a statute governing venue in actions against personal representatives where land was involved in the action."

A lengthy annotation upon this subject in 93 A.L.R.2d 1199 discloses varied applica-

tion of the rule requiring actions against a personal representative in his official capacity to be brought in the court of appointment. In DeVall v. Security First National Bank, 121 Cal.App.2d 682, 263 P.2d 910, it was held, so long as a probate court has jurisdiction in controversies between administrators and heirs relating to the administrator's conduct, venue of the action was in county of probate.

No purpose would be served by extended review and comparison of statutes of various states as concerns venue of such actions. Prior to 1925 amendment the Texas statute stated such actions "must" be brought in the county of probate. Dickson v. Scharff et al. (Tex.Civ.App.) 142 S.W. 980. Although amendment deleted "must" interestingly enough, the statute is applied as permissive and not mandatory by the courts of that state. See 93 A.L.R.2d § 10, pp. 1216, 1217.

Research of our decisions, and of North Dakota which supplied this provision of our probate code, does not disclose where import of this section as a venue statute has been questioned. Undoubtedly this results from practical understanding of legislative intention, which plainly was to provide venue of all actions in an effort to establish a separate, distinct tribunal for handling business involving probate affairs.

Revised Code of Dakota Territory, 1877 (Preface V) points to separate adoption of codes of Civil Procedure, Probate Code and Justices Code, and states:

"The Probate Code has received special care, and embraces the latest and best results of legislation and judicial interpretation."

The probate code was construed in Territory ex rel. Hall v. Bramble (1880) 2 Dak. 189, 5 N.W. 945, where a district court action sought to recover upon a judgment previously obtained against a deceased's administrator. Although involving other probate code provisions the court said, at p. 947:

"It is objected that no steps have been taken in the probate court to charge the administrator, Bramble, and fix his per-

sonal liability, before bringing this action upon the bond. Can the district court, in the first instance, entertain a suit upon an administrator's bond, charging him with a devastavit of the estate, and, in this indirect manner, encroach upon and usurp the duties and powers of the probate court? By the organic act of the territory the district and probate courts are separately named and enumerated; and, while the act is silent as to the jurisdiction of the probate court, *such jurisdiction is as separate and distinct, and as clearly defined by the designation of 'probate court,'* as any legislative enactment could make it. Superior courts all understand and respect the jurisdiction of probate courts; and probate powers and jurisdiction are very rarely conferred upon courts of general jurisdiction, and never except by express enactment. * * * If, therefore, the legislature cannot confer any additional jurisdiction upon the probate court by express enactment, can it be claimed that the jurisdiction given to the probate court by the organic act can be taken away from it, or conferred upon another court, in the absence of any statute to that effect? The organic act confers upon the district court chancery and common law jurisdiction, *'but not probate powers,'* while the several acts of the territorial legislature have enumerated the powers and jurisdiction of the probate court, and in no case have they attempted to extend such jurisdiction to the district courts, except by appeal." (emphasis supplied)

Compiled Laws of Dakota, 1887, Civil Procedure, Chap. 3 § 4824 et seq. fix jurisdiction of district courts, and one section (4826) specifies jurisdiction of appeals from orders and judgments of the probate court. Thereafter Chap. IV § 4829 grants probate courts only such jurisdiction as conferred by organic laws and territorial statutes.

The Probate Code, contemporaneously adopted, fixes probate jurisdiction (Chap. 1), and under § 5656 fixes venue of probate acts. A further portion (Chap. 8) beginning with § 5860 declares powers and duties of executors and provides for management of estates. Within this chapter § 5861 provides in what manner and what causes of action may be maintained "in the same courts."

In Blakemore v. Roberts, 12 N.D. 394, 96 N.W. 1029, executors sued to quiet title based upon delinquent tax liens. The statute, same as our § 252, was involved. The court stated executor's suit brought in the county where the tax liens issued was authorized in all cases and in the same courts where the testator could have maintained an action.

In McDonald v. First National Bank, 58 N.D. 49, 224 N.W. 676, an administrator appointed in K County brought a district court action to recover assets of the estate. The action was defended upon ground one provision of the probate code (§ 8801) only permitted administrator to sue *under direction* of the county court, an order being prerequisite to bringing suit. The issue involved was whether § 8798, the same statute as § 252, supported the administrator's right to sue in other courts without securing an order for suit. A succeeding section allowed an administrator to bring any action necessary to enforce right to possession of a decedent's property. The Dakota court pointed out the statute had remained in force as enacted originally (except for 1913 amendment not herein germane), and had been enacted as part of the same code. Declaring the statutes should be construed together and effect given to both, the court stated nothing in one section (8801) of the probate code could be construed as restricting the unqualified language of § 8798 giving personal representative authority to maintain actions "in all cases and in the same courts in which same might have been maintained by or against their respective testators or intestates."

The Organic Act was an act *"To Organize the Territory of Oklahoma*—to establish courts in Indian Territory, and for other purposes." The Act declared the vest-

ing of judicial power in named courts, with separate provision for probate courts, a code of civil procedure and a criminal code. Our probate code appeared first as Chap. XIX, Statutes of Oklahoma, 1890, establishing courts provided under the Organic Act, and declaring extent of jurisdiction and authority. Section 252, supra, appeared as § 2, Art. 8.

In Statutes of Oklahoma, 1893, the probate code was adopted as Chap. XVIII, Articles 1–16, inclusive. Section 1 fixed jurisdiction and power of probate courts and contained the provision now appearing as § 252. The civil code provision affecting venue appeared as Chap. 66, Art. 5—The County In Which Actions Are To Be Brought §§ 46–56, inclusive. No mention therein is made of venue affecting probate actions, although venue carefully is delineated in all other respects. The section involved (252) still appears in our probate code exactly as adopted originally. Our adoption followed construction of the statute by North Dakota, the state of origin, which is persuasive as to reasoning behind the statute.

The same consistency has not been true concerning civil code provisions relating to venue, 12 O.S.1961 § 131 et seq., particularly § 139, which executor insists should control. The latter section originally was Chap. 66, Laws of 1893, Art. 5, § 55: "Every other action must be brought in the county in which the defendant, or some one of the defendants, reside or may be summoned." This section was amended, S.L. 1915, Chap. 62 § 1, amending § 4679, Rev. Laws 1910, title of this amendatory act stating: "An Act * * * fixing venue in civil causes on claims, notes and other evidences of debt which have been assigned, sold or transferred by or from the original payee or obligee * * *." This statute must be construed with § 131, supra, fixing venue within the county in which subject of the action was located: (1) for recovery of real property or estate therein; (2) partition; (3) sale of property under mortgage or encumbrance; (4) to quiet title, or set aside a conveyance. By amendment, H.B. 547, S.L.1957, Chap. 4, p. 78, this venue provision was amended only to fix venue for damages to land, crops or improvements within county where damage occurred. Executor's claim, that if § 252 be considered a venue statute same was superseded by § 139, supra, is without merit.

Had the legislature intended general civil code provisions to apply in actions by or against executors or administrators, this undoubtedly would have been spelled out. Any intention to vest venue of probate matters in district courts would have been expressed. Absent clear language to that effect, no such intention can be attributed to the legislature. The origin and adoption of our probate code, separate and apart from general civil code provisions, coupled with the fact this probate provision has been retained as adopted, expresses legislative intention. A recognized rule of statutory construction is stated in syllabus 2, Town of Comanche v. Ferguson, 67 Okl. 101, 169 P. 1075:

"Where two statutes cover, in whole or in part, the same matter, and are not absolutely irreconcilable, the duty of the court—no purpose to repeal being clearly expressed or indicated—is, if possible, to give effect to both. The construction is to be on the entire statute, and where one part is susceptible of two constructions, and the language of another part is clear and definite, and is consistent with one of such constructions and opposed to the other, that construction which will render all sections of the statute harmonious must be adopted."

Civil venue statutes, 12 O.S.1961 § 131 et seq. and § 252 of the probate code are statutes in pari materia. De Graffenreid v. Iowa Land & Trust Co., 20 Okl. 687, 95 P. 624. This alone requires they be construed together and harmonized so each may be given effect. To construe § 252, supra, as not relating to venue would render the statute ineffectual and mere surplusage.

Petitioner emphasizes our holding in Graham v. Mid-Continent Coaches, Inc., Okl., 302 P.2d 777, to the effect privilege extended a defendant to be sued in the county of domicile is a valuable right, which should not be denied upon a strained or doubtful construction. Petitioner then asserts recognition of § 252, supra, as a venue statute necessarily would be a strained and questionable construction. The result in Graham, supra, is based entirely upon the premise that venue can be established only upon the basis of an action "rightly brought." An action rightly brought will provide venue of an action, support issuance of process and invest a trial court with jurisdiction. Application of the rule is qualified by the prerequisite—an action rightly brought.

This statute was involved in earlier decisions of McClung v. Cullison, 15 Okl. 402, 82 P. 499; Brocker, Admr. v. Stallard, 34 Okl. 612, 126 P. 781; Jameson v. Goodwin, 43 Okl. 154, 141 P. 767. In no instance was a question of venue considered. In McClung, supra, mortgage foreclosure was involved. The court stated an executor or administrator represented the title of the decedent, and it was unnecessary to make decedent's heirs parties to the action. " * * * The title upon which he is to recover is not his own title, nor that of the heirs or the creditors he represents, but the title of the intestate. * * * " Basis of the district court action was this executor's right to retain assets of testator's estate against plaintiff's claim. Venue of the action properly was laid in the county where probate was pending.

The present case involves action for recovery of personal property, money and shares of stock. This is property, for recovery of which actions can be maintained by or against the executor, to recover possession or defend the testator's right thereto. Judgment in favor of petitioner-executor would constitute adjudication deceased's title, or rights, were superior to plaintiff's claims. And, by further analogy to the reasoning in McClung, supra, judgment would estop plaintiff from a subsequent action for recovery of the same property after distribution, as well as rights of third parties. Title to testator's property was in petitioner by virtue of appointment by the probate court having jurisdiction of the probate estate. Actions for recovery of property, title or right to which was represented by petitioner, affected property of decedent and venue of such action properly was against executor in his official capacity in the county where appointed and qualified.

The probate code was adopted separately and contemporaneously with the civil code. Without regard to other considerations, recognition of historical background, form and manner of adoption, and retention of § 252, supra, in the probate code as adopted originally provide sound basis for our conclusion. We are of the opinion the legislature intended venue of matters involving probate estates to be fixed in a distinct tribunal—the probate court. Having enumerated powers and jurisdiction of such courts, provisions of § 252, supra, were intended to fix venue of those actions specified, by and against executors or administrators, within the county where probate jurisdiction had attached and a personal representative had been appointed.

The conclusions stated above make consideration of other arguments advanced unnecessary. Application for issuance of writ of prohibition is denied.

IRWIN, C. J., and WILLIAMS, BLACKBIRD, HODGES and McINERNEY, JJ., concur.

JACKSON and LAVENDER, JJ., dissent.

DAVISON, J., not participating.