INSURANCE — REINSURER — AMOUNT OF SURPLUS REQUIRED BY LAW — FOREIGN INSURERS Title 36 O.S. 711 [36-711] (1971), requires a reinsurer to maintain surplus to policyholders not less in amount than the paid-in capital required under the Insurance Code of a domestic stock insurer authorized to transact like kinds of insurance. Such requirement must be met in order for the ceding insurer to be allowed credit, either as an asset or as a deduction from liability, for the reinsurance. The fact that the initial reinsurer in the chain is a foreign insurer would have no effect on the opinion expressed hereinabove, assuming such foreign insurer met all statutory requirements and was properly doing business in the State of Oklahoma. The Attorney General has considered your request for an opinion under the following circumstances and on the following questions: "(1) If an Oklahoma domestic life insurer writes a block of business and subsequently cedes all or a part thereof to another Oklahoma domestic insurer (the reinsurer) which reinsurer subsequently reinsures all or a part of that business into an insurer not meeting the requirements of 36 O.S. 711 [36-711](A(C) (1971), would either or both of the ceding insurers not be allowed a credit for the business so reinsured? "(2) Assume that the first reinsurer in the preceding question is a foreign insurer properly doing business in Oklahoma, would this fact affect your response in any way?" 36 O.S. 711 [36-711] provides: "A. An insurer shall reinsure its risks, or any part thereof, only in solvent insurers having surplus to policyholders not less in amount than the paid-in capital required under this code of a domestic stock insurer authorized to transact like kinds of insurance. A domestic limited stock life, accident and health insurer may accept reinsurance of the risks of other such limited stock life, accident and health insurers and of mutual benefit associations. "B. An insurer shall so reinsure in such alien insurers only as either (1) are authorized to transact insurance in at least one state of the United States, or (2) have in the United States a duly authorized attorney-in-fact to accept service of legal process against the insurer as to any liability which might arise on account of such reinsurance. "C. No credit shall be allowed, as an asset or as a deduction from liability, to any ceding insurer for reinsurance nor increase the amount it is authorized to have at risk unless the reinsurance is in insurers either authorized to do business in this state, or which had been approved by written order of the Department filed in its office and which order has not been subsequently disapproved; nor unless the reinsurance is payable by the assuming insurer on the basis of the liability of the ceding insurer under the contracts reinsured without diminution because of the insolvency of the ceding insurer. "D. This section shall not apply to insurance of ocean marine risks or marine protection and indemnity risks." The term "insurer" is defined at 36 O.S. 103 [36-103](A) as follows: "'Insurer' includes every person engaged in the business of making contracts of insurance or indemnity." It is pertinent to note that the statutory definition of the term does not distinguish between initial contracts with an insured and subsequent contracts between insurers. The definition therefor applies equally to each insurer in the chain. Subsection A clearly prohibits any insurer from reinsuring with any other insurer not maintaining a surplus to policyholders at least not less in amount than the paid-in capital required under the Insurance Code of a domestic stock insurer authorized to transact like kinds of insurance. A careful reading of 36 O.S. 711 [36-711], with the term "insurer" accorded its statutory definition, is revealing of the underlying concern of the Oklahoma Legislature in its enactment that adequate protection be provided policyholders to ensure recovery should a loss occur on an insured risk. The Legislature, in requiring an insurer to maintain surplus to policyholders not less in amount than the paid-in capital required under the Insurance Code of a domestic insurer authorized to transact like kinds of insurance in order for any ceding insurer to receive credit for reinsurance, did so as an additional means of according the policyholder such protection. Stated another way, the Legislature, in enacting such a requirement, must have intended to provide protection to insurers against the possibility that any particular carrier might not be able to honor legitimate claims when presented for payment. Construction of a statute should be reasonable in order that legislative intention and adoption of such statute will be given expression and the object and purpose intended will be accomplished. State of Oklahoma v. Mayhue, 476 P.2d 317 (1970). Public policy and legislative intent mandates a construction of 36 O.S. 711 [36-711] which would require each reinsurer in the chain to comply with the paid-in capital requirements of a domestic insurer authorized to transact like kinds of insurance in order for its ceding insurer to receive credit for such reinsurance, either as an asset or as a deduction from liability. We are not of the opinion, however, that the terminology "any ceding insurer", as it appears in Subsection C, was intended to deny credit completely up the chain of insurers in the event a subsequent insurer in the chain fails to meet the statutory qualifications. Rather, we conclude that such phraseology was intended to operate to deny credit only to the immediately preceding insurer or the insurer ceding to that insurer who fails to meet statutory qualifications. Adequate protection is accorded the policyholder under such a construction and an undue burden on insurers who had no privity with the unqualified insurer is avoided. Consequently, in response to your first question, we conclude that only the insurer ceding a part of its coverage to a nonqualifying insurer should be denied credit for the sum reinsured. Subsection B of Section 11 is clear on its face in setting forth the requirements which must be met by any foreign insurer in order for an insurer to reinsure with it. It is clearly apparent from a plain reading thereof that the fact that the initial reinsurer in the chain is a foreign insurer would have no effect on the opinion expressed hereinabove, assuming such foreign insurer met all statutory requirements and was properly doing business in the State of Oklahoma. It is, therefore, the opinion of the Attorney General that 36 O.S. 711 [36-711] (1971), requires a reinsurer to maintain surplus to policyholders not less in amount than the paid-in capital required under the Insurance Code of a domestic stock insurer authorized to transact like kinds of insurance. Such requirement must be met in order for the ceding insurer to be allowed credit, either as an asset or as a deduction from liability, for the reinsurance. The fact that the initial reinsurer in the chain is a foreign insurer would have no effect on the opinion expressed hereinabove, assuming such foreign insurer met all statutory requirements and was properly doing business in the State of Oklahoma. (WM. DON KISER) (ksg)