STATE OFFICERS AND EMPLOYEES
In hearings conducted pursuant to 74 O.S. 833 [74-833]; (1) Requests of the Attorney General for rulings on matters of law may come not only from the Personnel Board, but from the parties to the hearings, their counsel or designated representatives in the form of motions, objections and so forth. (2) The Oklahoma State Personnel Board may not consider an objection to the admissibility of evidence as such is solely within the statutory responsibility of the Attorney General, as legal advisor to the Personnel Board. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: "In hearings conducted pursuant to 74 O.S. 833 [74-833] (1976), when questions of law are presented, must the Personnel Board request a ruling of the Attorney General before the Attorney General, as legal advisor, may rule on questions of law ? "May the Personnel Board, without requesting the Attorney General to so rule, consider an objection to the admissibility of evidence on its own without advice of its legal advisor?" The applicable statutory provision, 74 O.S. 833 [74-833] (1976) provides in pertinent part as follows: "The appointing authority concerned shall appear in person or shall designate a representative to appear in his behalf and shall present the agency's position in the personnel action. The Attorney General of the State of Oklahoma shall act as legal advisor to the Board, who shall rule upon the question of admissibility of evidence, competency of witnesses, and any other question of law where his ruling is requested, and such rulings of law shall be final. The hearing shall be conducted in accord with the Oklahoma rules of evidence. At all such hearings, the Board may consider a report of the circumstances of the case to be presented by a hearing examiner appointed by the Board. No hearing may be conducted unless a copy of the report is served upon all parties at least ten (10) days prior to the date of the hearing and unless such report states all sources of information contained in the report. A hearing examiner, if one is deemed necessary by the Board, shall be licensed to practice law in this state and shall serve at the pleasure of the Board for such compensation as may be provided by the Board. In addition, he shall advise the Board and perform legal services for the Board with respect to any other matters properly before the Board as directed by the Board." (Emphasis Added) It is apparent that the crucial questions presented by the above-quoted provision are what constitutes a request for ruling and who may make such a request. In adversary hearings, such as those conducted under 74 O.S. 833 [74-833] (1976), requests for rulings may come in many forms, such as in response to motions of the parties, objections to the admissibility of evidence and competency of witnesses, objections to the propriety of arguments of the parties or their counsel, or designated representatives, and such other legal devices that raise questions of law which may occur in such proceedings. It would appear, therefore, that a reasonable interpretation of 74 O.S. 833 [74-833] (1976) is that a request for a ruling of the Attorney General on matters of law may not only come from the Personnel Board, but from the parties to the hearing or their counsel or other designated representative. We are cognizant of a prior opinion of the Attorney General dated July 27, 1961 directed to the Director of the Personnel Board, which held in part as follows: "While the meaning of the above underscored statutory provisions is not clear, it is our opinion that same make it the duty of the Attorney General, when the State Personnel Board holds a hearing on an appeal, such as is above referred to (not on any other authorized appeal), to 'act as legal advisor to the Board' in relation to all procedural questions of law arising at said hearing, that is, when his advice is requested by the Board, including a ruling upon a question of (1) the admissibility of evidence and (2) the competency of witnesses, 'in accord with the Oklahoma rules of evidence' ". It is obvious that the Legislature intended hearings conducted under 74 O.S. 833 [74-833] (1976) to be analogous to proceedings in a court of law, i.e., with the Personnel Board being the trier of fact, while the Attorney General is to occupy the position of judge of the law. This is further buttressed by the legislative requirement that the hearings be conducted "in accord with the Oklahoma rules of evidence" which of itself indicates the necessity of legal expertise. The Legislature obviously intended that the Attorney General, as legal advisor to the board, rule on legal issues when they arise. If the Attorney General is to truly serve in that capacity, rulings on questions of law cannot be limited only to those instances where requested by the Board. To construe the provision otherwise would be analogous to restricting a judge to ruling on questions of law only when requested by the jury. Such a result was never contemplated nor intended by the Legislature. Paragraph one of the syllabus in State ex rel. Otjen v. Mayhue, Okl., 476 P.2d 317 (1970) reads as follows: "Construction of a statute should be reasonable in order that legislative intention in adoption of such statute will be given expression and the object and purpose intended will be accomplished." The Attorney General's Opinion dated July 27, 1961 as above-quoted is hereby expressly overruled insofar as it is inconsistent with this opinion. It is, therefore, the opinion of the Attorney General that in hearings conducted pursuant to 74 O.S. 833 [74-833] (1976): (1) Requests of the Attorney General for rulings on matters of law may come not only from the Personnel Board, but from the parties to the hearings, their counsel or designated representatives in the form of motions, objections and so forth. (2) The Oklahoma State Personnel Board may not consider an objection to the admissibility of evidence as such is solely within the statutory responsibility of the Attorney General, as legal advisor to the Personnel Board. (KENNETH L. DELASHAW, JR.)